Beverly **HUFF**, Plaintiff-Appellant,

v.

**METROPOLITAN LIFE INSURANCE COMPANY and Elizabeth Huff,** Defendants-Appellees.

No. 81–3030.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 10, 1982.
Decided April 13, 1982.

Martin Baker, Cleveland, Ohio, for plaintiff-appellant.

Lester S. Potash, Richard Andrews, Burgess, Steck, Andrews & Stickney, Cleveland, Ohio, for defendants-appellees.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

Beverly Huff appeals the grant of Elizabeth Huff's motion for summary judgment and the denial of Beverly's[1] "motion for reconsideration" in this suit for insurance benefits under the Federal Employees Group Life Insurance Act, 5 U.S.C. § 8701 et seq. (FEGLI).

Affidavit and documentary evidence considered in the summary judgment proceeding established several facts. Beverly had been married to Carlos Huff. The marriage terminated by divorce proceedings heard April 3, 1978, and a divorce decree journalized May 5, 1978. On May 16, 1978, Carlos married Elizabeth, and on October 8, 1979, Carlos met his death.

1. For the sake of clarity and brevity the parties are referred to by their first names.

2. Section 8705(a) of FEGLI, which designates the beneficiary of the insurance policy absent formal designation by the insured, states, in pertinent part:

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

At all relevant times, Carlos' life was insured by virtue of his employment with the federal government. He designated no beneficiary.

According to Beverly's affidavit, Carlos stated at the time the policy on his life was issued, that he intended the proceeds to be used for the college education of Carlos' and Beverly's son. The affidavit also alleged that Carlos separated from Elizabeth and moved back in with Beverly in August 1978.

The district court found that no genuine issue of material fact was raised as to Elizabeth's status as Carlos' wife at the time of his death and as his widow thereafter, or as to whether Carlos designated a beneficiary.[2] On that basis the court granted summary judgment. The manifest intent theory suggested by Beverly was rejected based on the authority of Metropolitan Life Insurance Co. v. Manning, 568 F.2d 922 (2d Cir. 1977).

Within ten days, Beverly moved for reconsideration of the summary judgment order. She swore an affidavit stating, inter alia, that Carlos and she never separated and held themselves out to the community as man and wife both before and after the April 3, 1978 divorce proceeding.

The district court denied the motion. We affirm that result and the underlying judgment.

I.

Metropolitan Life Insurance Co. v. Manning, supra, held that, by amendments to FEGLI passed in 1966, Congress intended

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office .... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
Second, if there is not designated beneficiary, to the widow or widower of the employee.
5 U.S.C. § 8705(a).

to eliminate the "manifest intent" test, adopted in cases such as *Sears v. Austin*, 292 F.2d 690 (9th Cir.), *cert. denied*, 368 U.S. 929, 82 S.Ct. 365, 7 L.Ed.2d 192 (1961), for determining beneficiaries when the policy is silent. The Second Circuit in *Manning* rested its decision on the plain language of the provision[3] and its interpretation in the legislative history to prohibit both the specific holding of *Sears* and the doctrine there advanced of substituting intention for formal designation of a beneficiary.[4] We agree with Judge Timbers' persuasive analysis in *Manning* and hold that in the 1966 amendments to FEGLI, Congress, on administrative efficiency grounds, abolished the manifest intent test. The only endeavor for the court in such a case is to determine the identity of the widow or other statutorily designated successor. *Accord, Stribling v. United States*, 419 F.2d 1350 (8th Cir. 1969).

■ Finding no factual dispute as to the identity of Carlos' widow, the district court properly granted Elizabeth's motion for summary judgment.

## II.

■ The district court correctly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment. Fed.R.Civ.P. 59(e); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *see Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962). Rule 59(e) may be utilized in timely attempts to vacate judgment. *Foman v. Davis, supra; Smith v. Hudson, supra; see* 6A J. Moore, *Federal Practice* ¶ 59.12[1] at 250–51 (1979) and Supp. at 240 (1981–82); 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2817 at 111 & n.31 (1971). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse. *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980); *see Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir. 1970); *Milwee v. Peachtree Cypress Investment Co.*, 510 F.Supp. 284, 289–90 (E.D.Tenn. 1978); *see generally* 6A J. Moore, *supra* ¶ 59.15[4].

■ The district court's denial of the motion appeared to rest upon alternative theories, the first concerning the federal court's role in determining state law domestic relations matters and the second evaluating the newness and inherent reliability of assertions in Beverly's affidavit. We reject the rationale that the district court could not determine domestic relations issues when they arise in the context of a question properly within the jurisdiction of the federal courts. *See, e.g., Metropolitan Life Insurance Co. v. Manning, supra*, 568 F.2d at 26 (state law provides rule of decision for marital status); *United States v. Goble*, 512 F.2d 458, 474–75 (6th Cir.), *cert. denied sub nom. Shad v. United States*, 423 U.S. 914, 96 S.Ct. 220, 46 L.Ed.2d 143 (1975) (Ohio law applied to determine common law marriage).[5] Since the domestic relations

---

**3.** The language appended in 1966 to the section of FEGLI setting forth the formalities of designating the beneficiary is:

> For this purpose, a designation, change or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

5 U.S.C. § 8705(a).

The decedent in *Sears* had manifested his intent by means of a holographic will. The rejection of the intent theory here, insofar as it is not specifically covered by the terms of the 1966 amendment, is supported by *a fortiori* reasoning. If a writing is insufficient to change the beneficiary, it follows that an oral statement will not suffice.

**4.** *Manning* quoted the pertinent language in the Senate report:

> The equities in *Sears* may have prompted the court of appeals to disregard the civil service regulation and the general intent of the statute in order to comply with the insured's wishes, but the precedent established in that case could, if generally followed, result in administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to survivors of Federal employees.

568 F.2d at 926, *quoting* S.Rep.No.1064, 89th Cong., 2d Sess. 2, *reprinted in* [1966] U.S.Code Cong. & Ad.News 2070, 2071.

**5.** Although the appropriate standard of review is generally whether an abuse of discretion has

issue here arose in the determination of the right to receive benefits under FEGLI, a federal statute, the district court erred to the extent its decision not to grant the motion to reconsider relied upon its inclination not to review domestic relations issues when state law provides the rule of decision. However, we find no abuse of discretion in the district court's determination that the evidence would not be considered because it was not newly discovered and its credibility was doubtful. Simply stated, there is nothing new to be discovered by Beverly as to the dates that she and Carlos lived as husband and wife after April 3, 1978.[6] *See Grant County Deposit Bank v. Greene*, 200 F.2d 835, 841 (6th Cir. 1952). The district court properly questioned the credibility of Beverly's affidavit, which set an April 3, 1978 date of reuniting with Carlos, in light of her initial affidavit which set August 1978 as that date.

### III.

Finding no fundamental error of fact or law in the district court's determination of the summary judgment motion, and no error in its determination that evidence contained in Beverly's affidavit accompanying the Rule 59 motion was not newly discovered, we hold the denial of Beverly's motion to be within the discretion of the district court.

Accordingly, the judgment of the district court in favor of Elizabeth Huff is hereby AFFIRMED.

---

occurred, when the lower court rejects an application under Rule 59(e) based upon an erroneous legal doctrine, our standard of review is the same as in other cases of legal error. 6A *J. Moore, supra* ¶ 59.15[4] at 294.

**6.** Contrary to Beverly's counsel's assertion, the discovery by Beverly of the common law marriage doctrine in Ohio law, Ohio Rev.Code Ann. § 3105.12 (Baldwin), does not cause the evidence of her cohabitation with Carlos to be newly discovered. The denial of a Rule 59 motion which attempts to demonstrate a new legal theory is a fitting use of the discretion reposed in the district court. *See Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 482 F.2d 710, 721 (D.C.Cir.1973), *rev'd on other grounds*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Echevarria v. United States Steel Corp.*, 392 F.2d 885, 892 (7th Cir. 1968).