762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LASZLO MEGAY, PLAINTIFF-APPELLANT,
v.
WILLIAM R. CALDWELL; DONALD ANDEXLER; AMERICAN CAN COMPANY,
AND UNITED STEELWORKERS OF AMERICA, LOCAL NO.
15489, DEFENDANTS-APPELLEES.
 NO. 83-3229
 United States Court of Appeals, Sixth Circuit.
 4/17/85
 
 ORDER
 BEFORE: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This Ohio plaintiff seeks to appeal from a district court judgment dismissing his hybrid Sec. 301 suit filed under the Labor Management Relations Act, 29 U.S.C. Sec. 185, charging his former employer with breach of the collective bargaining agreement and his union with unfair representation.
 
 
 2
 On March 1, 1983, the district court dismissed the suit for being filed beyond the three month time period provided under Ohio law. On March 7, 1983, the plaintiff filed a motion for reconsideration which he stated was served on February 7, 1983. Clearly, with the judgment having been entered on March 1, 1983, plaintiff meant to state that he served the motion in a timely fashion on March 7 and not February 7, 1983. In addition, plaintiff also filed his notice of appeal on March 30, 1983 before the district court finally denied the motion on July 14, 1983 with the words 'Motion denied' stamped in the margin of plaintiff's motion to reconsider.
 
 
 3
 On appeal, the plaintiff states that a two or six year Ohio statute of limitations applies to his suit, and that he did state a sufficient cause of action. Plaintiff also believes that the district court entered a summary judgment for the defendants before he was given ten days to file his response.
 
 
 4
 Upon sua sponte consideration of this cause, this Court concludes that it lacks jurisdiction to entertain the appeal. Plaintiff's motion to reconsider is construed as a motion to alter or amend brought under Rule 59(e), Federal Rules of Civil Procedure (FRCP). Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). Since it was served within ten days after the entry of the district court's judgment of dismissal, the time to appeal from the judgment was tolled under Rule 4(a)(4), Federal Rules of Appellate Procedure (FRAP); Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264-65 (1978); and, the appeal time does not start to run anew until an order disposing of the motion is entered in the record pursuant to Rules 4(a)(4) and 4(a)(6), FRAP. Plaintiff's notice of appeal was, accordingly, a nullity because it was filed before his motion to reconsider was denied. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (per curiam). Since the notice of appeal is a nullity, this Court lacks jurisdiction to hear this appeal.
 
 
 5
 In addition, it is observed that the district court has not yet entered its marginal denial of plaintiff's motion to reconsider in a manner which could start the running of the appeal time. Under Rule 4(a)(6), FRAP, the order must be entered in compliance with Rules 58 and 79(a), FRCP, which, respectively, require that it be entered on a separate document and that it be entered on the district court's docket sheet. While the entry of the separate order may be excused under proper circumstances, Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978), the entry of the order on the district court's docket sheet cannot be excused as that requirement serves important public interests in keeping an official public record of the case which was not similarly excused by the Supreme Court's ruling in Bankers Trust v. Mallis, supra. See 435 U.S. at 384 n.4. In the instant case, the district court's marginal denial of plaintiff's motion to reconsider was neither entered on a separate document nor was it ever noticed on the district court's docket sheet. On remand of this cause, the district court should, accordingly, enter its denial of plaintiff's motion to reconsider in conformity with Rule 4(a)(6), FRAP, so plaintiff may have an opportunity to file an appeal.
 
 
 6
 Before the plaintiff files a second notice of appeal, the plaintiff is advised to consider the cases of DelCostello v. Teamsters, 462 U.S. 151 (1983) and Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), regarding the applicable time period to determine the timeliness of hybrid Sec. 301 suits.
 
 
 7
 This appeal is, accordingly, dismissed for lack of jurisdiction, and the cause is hereby remanded for the district court to enter its denial of plaintiff's motion to reconsider consistent with the above discussion. Rule 9(d)(1), Rules of the Sixth Circuit.