798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip CLARK, Plaintiff-Appellant,
v.
Charles ANDERSON, Warden, and William Abshire,
Superintendent, Defendants- Appelles.
 No. 84-1384.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1986.
 
 Before: KEITH, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Phillip Clark appealed from an order of the district court denying his motion for reconsideration in this prisoner's civil rights action initiated pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 On November 7, 1978, Clark filed this pro se action in which he alleged he had been denied due process of law when he was classified, reclassified and transferred to different facilities within the Michigan prison system, Clark's complaint named as defendants Charles Anderson, Warden of the State Prison of Southern Michigan, and William L. Abshire, Superintendent of the Riverside Correctional Facility.
 
 
 3
 On September 23, 1981, defendants filed a motion to dismiss the complaint which, pursuant to an order of the district court, was referred to a United States Magistrate for report and recommendation. On April 21, 1982, the magistrate recommended that the defendants' motion be granted. On May 26, 1982, the district court, adopting the magistrate's report and recommendation, dismissed Clark's complaint.
 
 
 4
 On March 29, 1984, almost two years after the district court's order dismissing the case had been entered, the court received a typewritten letter from Clark stating that [I]t is my desire to re-institute this action and that the Court accept this letter as a formal request for such relief."[1] Clark's letter alleged "[t]hat the decision of Magistrate Hackett was not based upon any finding of fact or conclusions of law but, rather this matter was dismissed because the Department of Corrections supplied the court with erroneous information of the fact that I had been discharged from the custody at the Department of Corrections when this information was relayed to the court along with the legal documents sent me."
 
 
 5
 The district court construed Clark's letter as a motion for reconsideration and overruled it on April 25, 1984. On May 25, 1984, Clark filed this apeal.
 
 
 6
 On appeal, Clark sought review of the May 26, 1982 judgment dismissing this action. Federal Rule of Appellate Procedure 4(a) provides that [i]n civil case in which an appeal is permitted by law as of right from a district court to a court of appeals, the notice of appeal... shall be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Compliance with the time requirement of rule 4(a)(1) is mandatory and jurisdictional. Peake v. First National Bank and Trust Co., 717 F.2d 1016, 1018 (6th Cir. 1983) citing Browder v. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). In the instant case, the district court entered judgment for the defendants on May 26, 1982. The notice of appeal was filed on May 25, 1984, two years after entry of the original judgment. Accordingly, unless the time period was tolled, this Court is without jurisdiction to consider an appeal from the May 26, 1982 judgment. Peake, 717 F.2d at 1018.
 
 
 7
 Clark's letter did not state his intention to proceed under any specific Federal Rule of Civil Procedure and thus may be construed as either a motion to alter or amend the judgment of the district court pursuant to Rule 59(e) or a motion for relief from judgment pursuant to Rule 60(b).
 
 
 8
 Although a motion to alter or amend the judgment of the district court pursuant to Fed.R.Civ.P. 59(e) is one of the motions enumerated in Fed.R.App.P. 4(a)(4) which will toll the time for an appeal, a 59(e) motion cannot act as a time tolling motion unless it was timely, i.e., "served not later than 10 days after entry of the judgment." Peake, 717 F.2d at 1019. In the instant matter, Clark's letter, if construed as a motion for reconsideration, was untimely and hence, "could not toll the running of the time to appeal under rule 4(a)." Peake, 717 F.2d at 1019 (quoting Browder, 434 U.S. at 266, 98 S.Ct. at 561.
 
 
 9
 In contrast to a motion pursuant to Fed.R.Civ.P. 59(e), a motion for relief from judgment under Fed.R.Civ.P. 60(b) "does not toll the time for appeal from, or affect the finality of, the original judgment." Peake, 717 F.2d at 1020 (quoting Browder, 434 U.S. at 264, n.7, 98 S.Ct. at 560 n.7). Accordingly, even if the court were to construe Clark's letter as a 60(b) motion, such a construction would not enable this Court to exercise jurisdiction over an appeal from the May 26, 1982 judgment. Peake, 717 F.2d at 1020.
 
 
 10
 Clark did, however, file his notice of appeal to this court within 30 days of the April 25, 1984 judgment of the district court. Accordingly, this court may review the April 25, 1984 judgment to determine whether the district court abused its discretion in denying relief. Id. See also, Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir. 1982).
 
 
 11
 In support of his 1984 request for reinstatement of this matter, Clark argued that the 1982 judgment had been based on the magistrate's erroneous assumption that he had been released from prison. A review of the record in the case at bar disclosed that the magistrate's recommendation was based Upon the merits of Clark's claim and was not, in any way, anchored in the assumption that Clark had been released from prison. Accordingly, the district court did not abuse its discretion in denying relief to Clark.
 
 
 12
 For the reasons stated above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The letter was dated March 23, 1984, stamped received by the district court on March 29, 1984, but not docketed until April 23, 1984