817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONSTRUCTION HELICOPTRES, INC., Plaintiff-Appellant,
v.
HELI-DYNE SYSTEMS, INC., Defendant-Appellee,
The American Insurance Co., Defendant.
 No. 87-1247.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 The plaintiff appeals the judgment entered for defendant on the pleadings in this diversity contract and insurance action. The plaintiff has now filed a motion for clarification by which it seeks a ruling by this Court as to whether appellate jurisdiction lies herein. Although this Court does not issue advisory opinions, we will use the plaintiff's motion to address sua sponte our appellate jurisdiction in this case. Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Judgment was filed in this case on February 5, 1987, but was not placed on the district court's docket until February 8, 1987. Nine days thereafter, on February 17, 1987, the plaintiff served and filed motions for leave to amend pleadings and for reconsideration of the judgment. While those motions were pending, the plaintiff filed a notice of appeal on March 2, 1987.
 
 
 4
 In this circuit, motions for reconsideration are properly construed as motions to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure. Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir. 1982). Because the plaintiff's motion for reconsideration was served within ten days of the date the district court's judgment was docketed, it was timely and tolled the time for filing a notice of appeal under Rule 4(a)(4), Federal Rules of Appellate Procedure. Rule 4(a)(4) also provides that any notice of appeal filed during the pendency of a timely served Rule 59(e) motion is a nullity. As such, the plaintiff's notice of appeal filed on March 2, 1987, failed to give this Court any appellate jurisdiction in this case. The plaintiff must wait until the district court rules upon the motions pending therein before seeking review of the underlying judgment.
 
 
 5
 It therefore is ORDERED that this appeal is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 Honorabe John S. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation