829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norbert A. OGDEN, et al., Plaintiffs-Appellees, (87-1222)
(87-1223) Cross-Appellees, Plaintiff-Appellants, (87-1478)
v.
MICHIGAN BELL TELEPHONE COMPANY, a Michigan corporation, and
Dan Grady, Defendants-Appellants, (87-1222)
(87-1223) Cross-Appellees,
Defendants-Appellees. (87-1478)
 Nos. 87-1222, 87-1223 and 87-1478
 United States Court of Appeals, Sixth Circuit.
 September 24, 1987.
 
 ORDER
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 
 
 1
 The parties to this ERISA action have filed a total of three notices of appeal seeking review of the judgment below. Concluding that not all the notices of appeal are effective, the defendants have filed a motion for clarification of appellate jurisdiction. The plaintiffs concur in that motion. Resolution of the jurisdictional question is important at this time because it affects the issues to be briefed on appeal.
 
 
 2
 For purposes of resolving the jurisdictional issue, the following chronology of events is relevant (all dates are 1987):
 
 
 3
 January Final judgment filed.
 27--
February Final judgment entered on district court docket sheet.
 3--
February Plaintiffs served and filed a motion for reconsideration of the
 17-- January 27 final judgment.
February Defendants served and filed a motion for reconsideration of the
 17-- January 27 final judgment.
February Defendants filed a notice of appeal from the January 27 final
 24-- judgment. [Appeal filed herein as Case No. 871222].
February Plaintiffs filed a cross-appeal from the January 27 final judgment.
 27-- [Appeal filed herein as Case No. 871223].
March 31-- District Court denied plaintiffs' motion for reconsideration, but
 grants defendants' motion for reconsideration.
March 31-- Amended final judgment filed.
April 1-- Amended final judgment entered on district court docket sheet.
April 30-- Plaintiffs filed notice of appeal from March 31 amended final
 judgment. [Appeal filed herein as Case No. 871478].
 
 
 4
 Rule 4(a)(1), Federal Rules of Appellate Procedure, requires a notice of appeal to be filed within thirty (30) days of the 'date of entry of the judgment . . . appealed from.' Rule 4(a)(4), however, provides that the thirty (30) day period is tolled by the timely filing of a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure. In this Circuit, motions for reconsideration are treated as Rule 59(e) motions. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). The issue presented, therefore, is whether the parties' motions for reconsideration served and filed on February 17 tolled the running of the thirty (30) day period for filing a notice of appeal.
 
 
 5
 In order to be timely, a Rule 59(e) motion must 'be served not later than 10 days after entry of the judgment.' For purposes of Rule 59(e), entry of judgment occurs when the judgment is noted in the civil docket of the district court pursuant to Rule 79(a), Federal Rules of Civil Procedure. See 6A MOORE'S FEDERAL PRACTICE p59.12 at 59-290 (1986). In this case, the January 27 judgment was entered on the district court docket sheet on February 3. Excluding weekends and a national holiday, see Rule 6(a), Federal Rules of Civil Procedure, the parties' motions for reconsideration would be timely if served by February 18. Here, the motions were served on February 17 and were timely.
 
 
 6
 Rule 4(a)(4) further provides that any notice of appeal filed before the disposition of a timely served Rule 59(e) motion 'shall have no effect.' The notices of appeal filed on February 24 and 27, therefore, are unllities and this Court has no jurisdiction in Cases No. 87-1222 and 87-1223. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Because the April 30 notice of appeal was filed within thirty (30) days of the order disposing of the motions for reconsideration and the amended final judgment, this Court does have jurisdiction in Case No. 87-1478.
 
 
 7
 It therefore is ORDERED that the appeals in Cases No. 87-1222 and 87-1223 are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. The Clerk shall establish a new briefing schedule in Case No. 87-1478.