857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Gordon VICK, Plaintiff-Appellant,
v.
Kemper DURAND, Defendant-Appellee.
 No. 88-5701.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellant's motion for appointment of counsel.
 
 
 3
 A review of the record indicates that the judgment of the district court dismissing the civil rights action was dated December 7, and entered December 8, 1987. A motion to set aside the dismissal was served December 7, 1987. A motion seeking reconsideration of a judgment which is served within ten days of entry of a judgment as computed by Fed.R.Civ.P. 6(a) is properly construed as a time-tolling Fed.R.Civ.P. 59(e) motion. Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir.) (en banc), cert. denied, --- U.S. ----, 107 S.Ct. 398 (1986); Cosgrove v. Smith, 697 F.2d 1125, 1127-28 (D.C.Cir.1983); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir.1982); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982); Miller v. Leavenworth-Jefferson Elec. Co-op., 653 F.2d 1378, 1380 (10th Cir.1981); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). The timely Fed.R.Civ.P. 59(e) motion tolled the appeals period as provided by Fed.R.App.P. 4(a)(4). The Fed.R.Civ.P. 59(e) motion was denied by order filed December 21 and entered December 22, 1987. A motion for reconsideration of the December 21, 1987, order was filed on January 6, 1988, and denied on January 14, 1988. A motion to quash the orders of the district court judge was denied April 13, 1988. A motion for reconsideration of the April 13 order was filed April 18, 1988. By order filed April 21, 1988, and entered April 22, 1988, the district court denied appellant's April 18 motion which was the fourth motion he had filed seeking reconsideration of the district court's decision. Appellant filed notices of appeal from that order on April 27, 1988, and May 2, 1988. Those notices of appeal were docketed as appeal number 88-5701.
 
 
 4
 This court lacks jurisdiction in this appeal. An appeal from the denial of a motion for reconsideration is not appealable but can be considered as an appeal from the underlying judgment when such an appeal would be timely. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, 484 F.2d 78, 81 (6th Cir.1973). A successive motion for reconsideration where the first was not granted does not toll the appeals period. Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253 (6th Cir.1983) (per curiam), cert. denied, 469 U.S. 1221 (1985). The April 27, 1988, and May 2, 1988, notices of appeal were not filed within the appeals period provided by Fed.R.App.P. 4(a) as calculated from the judgment entered December 8, 1987.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 It is ORDERED that the motion for appointment of counsel be denied and the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief District Judge for the Southern District of Ohio, sitting by designation