884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSLER MOTORS CORPORATION, a Delaware Corporation,
Plaintiff-Appellee,
v.
COUNTRY CHRYSLER, INC., an Oklahoma Corporation, Max Pepper;
Muriel Pepper, Cindy J. Guterman,
Defendants-Counter-claimants-Third Party
Plaintiffs-Appellants,
Chrysler Credit Corporation, Third Party Defendant-Appellee.
 No. 89-1472.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This action arises from breach of contract claims brought by the plaintiff, Chrysler Motors Corporation ("CMC"), and the third party defendant, Chrysler Credit Corp ("Credit"), against the defendants-counterclaimants-third party plaintiffs, Country Chrysler, Inc., Max Pepper, Muriel Pepper and Cindy J. Pepper Guterman ("Peppers"). Proceedings in this case took place in the Western District of Oklahoma district court and the Eastern District of Michigan district court. The Peppers appeal the Oklahoma court's judgment for Credit on its complaint and the Michigan court's summary judgment for Credit on the Peppers' counterclaim. The Michigan court certified the summary judgment in favor of Credit for immediate appeal pursuant to Fed.R.Civ.P. 54(b). The Peppers also appeal the orders granting summary judgment for CMC on its complaint and on one of the Peppers' counterclaims, and the dismissal of the remaining counterclaims. Finally, the Peppers appeal several pre-judgment orders entered by the Oklahoma and Michigan courts. Credit now moves this Court to dismiss on the grounds that this Court lacks jurisdiction over the appeal. CMC has also filed a motion to dismiss. The Peppers oppose both motions.
 
 
 2
 Credit asserts that the Peppers' appeal from the Rule 54(b) judgment was untimely because the judgment was entered on February 14, 1989 and the Peppers filed their notice of appeal on April 18, 1989. The Peppers respond that Credit filed a motion for reconsideration which operated to toll the time for appeal. The Peppers claim that they had thirty days from the withdrawal of the motion for reconsideration on March 22, 1989, i.e., until April 21, 1989, in which to file a timely notice of appeal.
 
 
 3
 In this Circuit, motions for reconsideration are treated as Rule 59(e) motions. See Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir.1982). A notice of appeal filed during the pendency of a timely Rule 59(e) motion has no effect. See Osterneck v. Ernst & Whinney, 109 S.Ct. 987, 990 (1989). Pursuant to Fed.R.App.P. 4(a)(4)(iii), a party may file a notice of appeal within thirty days following the entry of an order granting or denying the Rule 59(e) motion. The Peppers were effectively prohibited from filing a notice of appeal during the pendency of Credit's motion for reconsideration. We construe the motion for reconsideration as "denied" as of the date of the withdrawal, thereby permitting the Peppers thirty days from that date in which to appeal. The notice of appeal filed April 18, 1989 was therefore timely. We conclude that we have jurisdiction in this appeal insofar as it pertains to the Rule 54(b) judgment.
 
 
 4
 Credit also contends that the Peppers' appeal from orders entered by the Oklahoma district court is not within this Court's jurisdiction. The Oklahoma court bifurcated the case, ruled on Credit's complaint and transferred the Peppers' counterclaim and third party complaint to Michigan. We note that the Oklahoma court recently entered final judgment for Credit on its complaint, and the Peppers appealed that judgment to the Tenth Circuit Court of Appeals. The portion of the case decided by the Oklahoma court is not within the Sixth Circuit's jurisdiction. 28 U.S.C. Sec. 1294.
 
 
 5
 CMC claims that the Peppers' appeal from the summary judgment for CMC on April 10, 1989 is premature. In its order, the Michigan court stated that all claims were resolved; however, the court did not determine the specific monetary damages and attorney's fees. The Peppers concede that the appeal is premature in this respect, however, they request that this Court hold the appeal in abeyance and grant leave to the district court to enter final judgment.
 
 
 6
 It is well established that where liability has been decided but the extent of damages remains undetermined, there is no final, appealable order. See Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976). This Court lacks jurisdiction over the appeal from the orders entered by the district court pertaining to the claim by CMC and the counterclaim by the Peppers against CMC because there is no final, appealable order.
 
 
 7
 It is therefore ORDERED that Credit's motion to dismiss the appeal is denied insofar as it pertains to the appeal from the Michigan court's Rule 54(b) judgment. It is ORDERED that Credit's motion to dismiss is granted insofar as it pertains to the orders of the Oklahoma district court. Finally, it is ORDERED that CMC's motion to dismiss is granted.