893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nicholas CHAPAS, Plaintiff-Appellant,
v.
Gary J. WATSON; Ronald Campbell; The City of Cincinnati,
Defendants-Appellees.
 No. 90-3016.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals dismissal of this civil rights action. The district court entered an order on November 28, 1989, which granted the defendant's motion for summary judgment due to the plaintiff's failure to respond and dismissed the action. Within ten days, as computed under Fed.R.Civ.P. 6(a), the plaintiff filed and served a motion to set aside the order of dismissal. He asserts in the motion that dismissal was improper because he did indeed respond to the motion for summary judgment. On December 28, while the motion was still pending, the plaintiff filed a notice of appeal from the order of dismissal. The district court has not yet ruled upon the motion to set aside.
 
 
 2
 A timely motion to set aside judgment or to reconsider may be construed as a motion brought under Fed.R.Civ.P. 59(e). See Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir.1982). A notice of appeal filed prior to the disposition of a timely motion under Fed.R.Civ.P. 59(e) is of no effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion. Fed.R.App.P. 4(a)(4).
 
 
 3
 It is therefore ORDERED that this appeal is dismissed sua sponte, without prejudice to the plaintiff's right to perfect a timely appeal following disposition of the pending motion. Rule 9(b)(1), Local Rules.