911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kimberly VAUGHN, Michael Vaughn, Plaintiffs-Appellants,
v.
CANNON, U.S.A., INC., a Pennsylvania Corporation;
Sheller-Globe Corporation, an Ohio Corporation,
Defendants-Appellees.
 No. 90-1663.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 Before BOYCE F. MARTIN, JR. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal summary judgment for the defendant in this products liability action alleging defective design, failure to warn, and breach of warranty and negligence. The district court judgment was filed on May 11, 1990, and entered upon the docket on June 4. On May 18 the plaintiffs filed a timely motion to amend the judgment under Fed.R.Civ.P. 52(b) and/or to relieve them of the final judgment under Fed.R.Civ.P. 60(b). While that motion was pending, the plaintiffs filed the instant appeal. An order to show cause why the appeal should not be dismissed was entered and the plaintiffs have responded. Plaintiffs state the appeal was filed as a protective measure since the defendant argued to the district court that relief under Rule 52(b) is inapplicable. The motion is still pending in the district court.
 
 
 2
 A notice of appeal filed prior to the disposition of a timely motion to amend under Rule 52(b) is of no effect. Fed.R.App.P. 4(a)(4); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the appeal. Fed.R.App.P. 4(a)(4). We conclude the instant appeal is premature. Although there appears to be an issue in the district court as to under what rule the plaintiffs should proceed, the motion itself seeks "a new judgment or order that is based upon all facts." Whether this motion is considered as being brought under Rule 52(b), or more properly as a motion to alter or amend under Rule 59(e), see Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir.1982), it nevertheless tolled the time for appeal.
 
 
 3
 It is therefore ORDERED that the plaintiffs' appeal is dismissed sua sponte for lack of jurisdiction without prejudice to their right to perfect a timely appeal following disposition of the motion now pending before the district court. Rule 9(b)(1), Local Rules of the Sixth Circuit.