953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn MOORE, Plaintiff-Appellant,
v.
COMCAST SOUND COMMUNICATIONS, INC.; Plan Administrator,
Comcast Corporation, Long Term Disability Plan;
Unum Life Insurance Company of America,
Defendants-Appellees.
 No. 91-1749.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Evelyn Moore, through counsel, appeals the district court's order denying her motion to vacate the court's order entered March 28, 1991, which granted summary judgment for the defendants and denied the plaintiff's motion for summary judgment. The parties have waived oral argument, on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Moore's original complaint, she alleged that defendant Union Mutual Life Insurance Company of America (UNUM) wrongfully withheld long-term disability (LTD) benefits, in violation of 29 U.S.C. §§ 1109 and 1132(a)(1)(B). She further alleged that defendant Comcast Corporation (Comcast) violated the Employee Retirement Income Security Act (ERISA), by failing to act properly as fiduciaries under 29 U.S.C. §§ 1002(21)(A) and 1104. In "count two" of her complaint, Moore alleged that Comcast unlawfully interfered with her protected right to LTD benefits, in violation of 29 U.S.C. § 1140 (also known as § 501 of ERISA) by discharging her in order to prevent her from collecting LTD benefits. Over the defendants' objections, the court permitted Moore to amend her complaint to add a third allegation, that the defendants violated ERISA based on a .04 percent discrepancy between the premium deducted out of plaintiff's pay to pay for premiums remitted by Comcast to UNUM on Moore's behalf; and a fourth allegation of wrongful discharge by Comcast for the purpose of reducing the corporation's costs for its employee comprehensive medical plan.
 
 
 3
 After thoroughly considering the plaintiff's arguments on the merits, the district court determined that summary judgment in favor of the defendants was proper. The district court noted that the plaintiff had entered into a consent judgment with defendant UNUM, with this defendant agreeing to pay the full amount of the allegedly wrongfully withheld LTD benefits to Moore. Thus, the district court decided that the plaintiff had been fully compensated for any damages arising against UNUM, pursuant to this consent judgment. In regard to charges against Comcast that this corporation had interfered with certain rights to LTD benefits, the court concluded that Moore had failed to establish a prima facie case of discharge in violation of ERISA. The court stated that the plaintiff's evidence was insufficient to establish a case of specific intent to engage in activity proscribed by this Act and that, in any case, the defendant had come forth with evidence sufficient to show that it had a legitimate, nondiscriminatory purpose for terminating Moore from her job, which the plaintiff had failed to successfully challenge as pretextual.
 
 
 4
 In regard to the issue surrounding the discrepancy between the payments actually made by Moore, and the premiums actually remitted by Comcast to defendant UNUM, the court determined that Comcast, in fact, incurred expenses in excess of the amount contributed by Moore to administer the medical plan and that these expenses were allowable under ERISA. Therefore, the court determined that the defendants were not engaged in any scheme objectionable under ERISA.
 
 
 5
 After the district court granted summary judgment for the defendants, Moore then filed a motion to vacate this order and to reinstate all four counts of the plaintiff's first amended complaint as to all of the defendants. After a thorough review of this motion and accompanying evidence, the court denied the motion by order filed May 29, 1991. The court noted that the plaintiff had labeled the motion as one "to vacate," but that the plaintiff had relied on Fed.R.Civ.P. 59(e) in the body of the motion. The court analyzed the motion, accordingly, as one brought under that rule.
 
 
 6
 On appeal, the plaintiff raises the sole issue of "whether or not the district court committed error in refusing to grant the plaintiff's FRCP [sic] 59(e) motion to vacate the district court's order of summary judgment...." Thus, the only proper issue for consideration, on appeal, is whether the district court abused its discretion in denying Moore's motion to vacate, as all other issues surrounding her claims have been abandoned. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 The granting of a motion under Fed.R.Civ.P. 59(e) is within the sound discretion of the trial court. McMahon, 870 F.2d at 1079. As properly noted by the district court, the evidence submitted by Moore in support of her Rule 59 motion is not "newly discovered" and therefore, the district court did not abuse its discretion in denying the motion in this case. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). Moore's "new" legal theories presented in her motion to vacate, specifically that: (1) a fellow employee of Comcast was treated differently as a recipient of medical benefits; and (2) that the defendants made an "enforceable promise to plaintiff" that medical care benefits would be continued while she was on sick leave for her disability, are not proper grounds for granting a motion under Rule 59. Huff, 675 F.2d at 122 n. 6.
 
 
 8
 Accordingly, the district court's order denying the motion to vacate is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.