985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Omar Dario OCAMPO-BEDOYA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1908.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Omar Dario Ocampo-Bedoya, a pro se prisoner, appeals the district court's order denying his motion to alter or amend judgment filed under Fed.R.Civ.P. 59(e), considered alternatively as a renewed motion to vacate, correct, or set aside sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ocampo pleaded guilty on June 25, 1987, to one count of possessing with intent to distribute approximately 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on September 17, 1987, to 20 years imprisonment and 4 years supervised release and was fined $100,000. This court affirmed Ocampo's conviction and sentence in an unpublished opinion. United States v. Ocampo-Bedoya, No. 87-1999 (6th Cir. Aug. 12, 1988) (per curiam). In his first motion to vacate sentence, Ocampo raised three grounds for relief, including ineffective assistance of counsel based upon counsel's promise that he would receive a 5 to 10-year sentence. The denial of that motion was affirmed by this court in an unpublished order. Ocampo-Bedoya v. United States, No. 90-1388 (6th Cir. April 12, 1991).
 
 
 3
 Ocampo then filed this second motion to vacate in October 1991, in which he presented two grounds for relief: (1) he received ineffective assistance of counsel because counsel promised him a sentence of 5 to 10 years, and (2) he was improperly sentenced under the statute as amended. The district court denied this motion in an order filed March 31, 1992. It found that the first issue had been resolved through Ocampo's first § 2255 motion and that the second issue was meritless because the provision of the Anti Drug Abuse Act of 1986 under which Ocampo was sentenced became effective two months before his offense date. The district court found Ocampo's subsequent motion to alter or amend judgment to be untimely and considered it, alternatively, as a renewed motion to vacate sentence. As such, it was summarily denied as successive.
 
 
 4
 On appeal, Ocampo continues to argue the merits of his grounds for relief and also asserts that the district court abused its discretion by not holding an evidentiary hearing.
 
 
 5
 Upon review, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). We review the denial of a motion filed under Rule 59(e) for abuse of discretion. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982).
 
 
 6
 Ocampo's motion to alter or amend judgment was served on April 16, 1992, within 10 days of the April 9, 1992, entry date of the district court's order denying his § 2255 motion; thus, it was timely filed. See Fed.R.Civ.P. 6(a), 59(e). Nonetheless, remand for further consideration by the district court is unnecessary because the motion identified no fundamental error of law or fact in the district court's order denying his motion to vacate sentence. See Huff, 675 F.2d at 123. Moreover, an evidentiary hearing on Ocampo's § 2255 motion was not required because the record conclusively shows that Ocampo is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Therefore, the motion to alter or amend was properly denied.
 
 
 7
 Because it was timely, the Rule 59(e) motion also served to toll the appeals period for the district court's order denying Ocampo's second motion to vacate. See Frank v. D'Ambrosi, 944 F.2d 274, 275 (6th Cir.1991) (order). However, even if Ocampo's notice of appeal is construed as also appealing the denial of his motion to vacate, see Boburka v. Adcock, No. 91-6105, 1992 WL 3199662 at * 2 (6th Cir. Nov. 9, 1992), he is still not entitled to relief because neither of his grounds for relief has merit for the reasons stated by the district court in its order filed March 31, 1992.
 
 
 8
 Accordingly, the district court's order, filed June 25, 1992, is hereby affirmed for the reasons stated above. Rule 9(b)(3), Rules of the Sixth Circuit.