989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
Travis JONES, Defendant-Appellee.
 No. 92-2181.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before KEITH, and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald L. Jordan, a pro se Michigan prisoner, appeals a district court judgment granting the defendant-appellee's motion for costs. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jordan filed a civil rights complaint under 42 U.S.C. § 1983 against the former warden (Jones) of his state prison, alleging that: 1) he was placed in administrative segregation without due process; 2) various personal belongings were confiscated by prison employees; and 3) he had been denied access to the courts. The district court granted Jones's motion for summary judgment and this court affirmed. Jordan v. Jones, No. 89-2171 (6th Cir. Oct. 23, 1990).
 
 
 3
 After this court affirmed the district court's judgment, Jones requested the district court to tax costs in the amount of $136.75. Over Jordan's objections, the district court granted Jones's motion for costs. Jordan filed a timely appeal. Upon review, this court remanded the case to the district court, directing the district court to reconsider its decision in light of Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991). Jordan v. Jones, No. 91-1101, slip op. (6th Cir. April 10, 1992).
 
 
 4
 On remand, the district court reconsidered its decision in light of Weaver and again awarded Jones $136.75 in costs, with the proviso that Jordan could not be required to pay in any given month more than 10% of his income for that month. Jordan filed a motion for reconsideration under Fed.R.Civ.P. 59(e); the motion was denied. Jordan filed this timely appeal challenging the district court's order granting costs and the district court's order denying his motion for reconsideration, arguing that: 1) the district court erred by reaching its decision based upon documents which were never served upon him; 2) the district court should have allowed him to submit arguments and documents as to his current ability to pay the costs; and 3) the district court did not consider all aspects of his inability to pay the costs. Jordan has filed a motion to sanction appellee's counsel and to strike the first one hundred and four pages of the joint appendix as unnecessary.
 
 
 5
 We review an order granting costs and denying a motion to reconsider pursuant to Fed.R.Civ.P. 59(e) under the abuse of discretion standard. See Weaver, 948 F.2d at 1009-11; Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122-23 n. 5 (6th Cir.1982).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in awarding Jones costs of $136.75, nor in denying Jordan's motion to reconsider the judgment. Jordan's arguments are without merit.
 
 
 7
 Accordingly, we deny Jordan's motion to sanction appellee's counsel and to strike portions of the joint appendix, and we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.