89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy D. SMITH; Robert C. Begley; Beverly Bowling; Sara
Bowling; McKinnley Bowling; Larry D. Howard,
Plaintiffs-Appellants
v.
C. Allen MUNCY, individually; Leslie County Fiscal Court;
C. Allen Muncy, in his official capacity as Leslie County
Judge Executive; Billy Ray Day; Onzie Sizemore; Billy
Sizemore; William Lewis, in their official capacities as
Magistrates and members of Leslie Fiscal Court, Defendants-Appellees.
 No. 95-6098.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1996.
 
 Before: KENNEDY and CONTIE, Circuit Judges; GRAHAM, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiffs[1] appeal the District Court's dismissal of their section 1983 claim for damages and reinstatement after they allegedly were terminated for not supporting the candidacy of the incumbent County Judge Executive. Defendants moved to dismiss for lack of subject matter jurisdiction. Plaintiffs failed to respond to the motion, and the District dismissed the action without prejudice. For the following reasons, we affirm.
 
 
 2
 * Plaintiffs Jimmy D. Smith, Robert C. Begley, Beverly Bowling, Sara Bowling, McKinnley Bowley, and Larry D. Howard brought suit under 42 U.S.C. § 1983 against C. Allen Muncy, County Judge Executive, individually and in his official capacity, the members of the Leslie County Fiscal Court (Bill Ray Day, Onzie Sizemore, Billy Sizemore, and William Lewis) in their official capacity as members of the Leslie County Fiscal Court; and the Leslie County Fiscal Court. Plaintiffs alleged, inter alia, that County Judge Executive C. Allen Muncy terminated them from their positions with the Leslie County Fiscal Court after they refused to support his reelection campaign, in violation of their rights under the First Amendment. Plaintiffs alleged that Muncy violated KY.REV.STAT.ANN. § 67.710(7) (Baldwin 1994) by not obtaining approval from the Leslie County Fiscal Court before terminating them. The Fiscal Court and its members are charged with ratifying Muncy's illegal act by failing to set aside Muncy's actions and acquiescing in his illegal action by approving the appointments Muncy made to replace plaintiffs.
 
 
 3
 On April 26, 1995, plaintiffs dismissed all claims against C. Allen Muncy in his individual capacity.
 
 
 4
 On May 3, 1995, defendants filed their motion to dismiss plaintiffs' complaint, arguing that once plaintiffs dismissed their claims against Muncy,
 
 
 5
 [t]his left only a purported claim against the official government body. The claims, if any, against the official governmental body would not be Title 42 claims. If there are no Civil Rights claims remaining then this Court no longer has subject matter jurisdiction.
 
 
 6
 Defendants also pointed out that plaintiffs had failed to appear for a scheduling conference. Noting that plaintiffs had failed to respond to defendants' motion to dismiss, and inferring therefrom that plaintiffs did not object, the Court granted defendants' motion to dismiss on June 5, 1995. Plaintiff Jimmy D. Smith petitioned the Court to set aside its June 5 order, arguing only that dismissal might interfere with ongoing settlement efforts. On June 17, 1995, the District Court denied plaintiff Smith's motion. All plaintiffs filed a timely notice of appeal.
 
 II
 
 7
 The sole issue on appeal is whether the District Court erred by dismissing plaintiffs' suit without prejudice after plaintiffs did not respond to defendants' motion for dismissal and by denying a motion to set aside that order of dismissal. We review the District Court's decisions for abuse of discretion. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982) (reviewing district court's denial of motion for reconsideration under FED.R.CIV.P. 59(e) for abuse of discretion); cf. United Coin Meter Co., Inc. v. Seaboard Coastline RR, 705 F.2d 839, 843 (6th Cir.1983) (reviewing Court's denial of motion to set aside default judgment for abuse of discretion).
 
 
 8
 Pursuant to Local Rule 6(b)(1)(A) of the United States District Courts for the Eastern and Western Districts of Kentucky,
 
 
 9
 [a]n opposing memorandum must be filed within fifteen (15) days from the date of service of the motion which may be extended for no more than thirty (30) additional days by written stipulation filed with the Court unless the stipulation would extend the time beyond a deadline established by the Court. Failure to file an opposing memorandum may be grounds for granting the motion.
 
 
 10
 LR 6(b)(1)(A) (1995) (emphasis added). Here, defendants filed a motion to dismiss for lack of subject matter jurisdiction on May 3, 1995. Plaintiffs never responded to this motion. On June 5, 1995, the District Court considered defendants' motion to dismiss:
 
 
 11
 The Court having reviewed the record, observes that the plaintiffs have failed to respond to this motion. The Court assumes that this failure to respond is evidence of plaintiffs' agreement that the ... action should be dismissed.
 
 
 12
 The Court then dismissed plaintiffs' claims without prejudice.
 
 
 13
 On June 21, 1995, plaintiffs petitioned the Court to set aside its June 5, 1995 order of dismissal on the ground that "[t]he Plaintiff believes that if the matter remains on the docket that the Plaintiff and the remaining Defendants' [sic] will be able to resolve the matter in the immediate future." On July 17, 1995, the Court denied the motion to set aside the verdict.
 
 
 14
 Under the Local Rule of the District Court in which plaintiffs brought this action, failure to respond to a motion may serve as a reason for granting it. Thus the District Court did not abuse its discretion in granting defendants' motion to dismiss when plaintiffs filed no response. Similarly, the District Court did not abuse its discretion in denying the motion to set aside its order of dismissal, for the sole argument offered in support of the motion was that keeping the case on the docket would help settlement efforts.
 
 III
 
 15
 For these reasons, we affirm the District Court's dismissal of plaintiffs' complaint without prejudice.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 On March 5, 1994, plaintiff Jimmy D. Smith dismissed his claim against the Leslie County Fiscal Court; although named in the notice of appeal, Smith is no longer a party