**Rosario LOSTUMBO, Plaintiff–Appellant,**

v.

**BETHLEHEM STEEL, INC.,
Defendant–Appellee.**

No. 92–3343.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 15, 1993.

Decided Oct. 29, 1993.

John C. Ambrose, Lawrence J. Griffin (argued), Ambrose & Cushing, Chicago, IL, for plaintiff-appellant.

George W. Gessler, William P. Jones (argued), Gessler, Flynn, Fleischmann, Hughes & Socol, Chicago, IL, for defendant-appellee.

Before EASTERBROOK and MANION, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Plaintiff Rosario Lostumbo, during his employment with Nuclear Welding, Inc., worked at a Bethlehem Steel plant in Indiana inspecting welds McGraw Construction Company made while repairing one of the blast furnaces at the plant. Defendant Bethlehem Steel hired McGraw Construction to reline the blast furnace, and their contract provided that McGraw Construction would be responsible for safety at the work site. To facilitate the relining, McGraw Construction erected scaffolding on the several story high blast furnace. The scaffold consisted of wooden planks that rested on angle irons welded onto the outer shell of the furnace.

Bethlehem Steel then hired Nuclear Welding to inspect the welding performed by McGraw Construction. The contract between Bethlehem Steel and Nuclear Welding contained no safety provisions. On November 28, 1988, Lostumbo climbed onto the scaffold to inspect the blast furnace welds. One of the planks of the scaffold partially covered a large hole in the floor. Lostumbo stepped on an angle iron to jump over the hole and onto the landing. Lostumbo's shoe caught on a small piece of metal extending from the angle iron, causing him to fall and fracture his right knee cap.

Lostumbo sued Bethlehem Steel, and Bethlehem Steel moved for summary judgment. Bethlehem Steel alleged that it neither owed nor violated a duty to provide safe working conditions for Lostumbo because Lostumbo was the employee of an independent contractor, and Bethlehem Steel neither controlled the scaffold nor possessed superior knowledge of latent defects on the scaffold. Lostumbo failed to present evidence that Bethlehem Steel used the scaffolding or that it possessed superior knowledge of the latent defect. The district court granted the motion for summary judgment, 797 F.Supp. 652.

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Lostumbo then moved for an additional finding of fact, that Bethlehem used the scaffolding. The district court denied the motion because Lostumbo could have presented that particular evidence during the pendency of the original motion. Lostumbo now appeals from both the district court order granting Bethlehem Steel summary judgment, and from the order denying the finding of additional facts.

We review whether the district court properly denied Lostumbo's motion for a finding of additional facts using the abuse of discretion standard. *Figgie International Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992). Rule 59 requires that the factual matter at issue in the motion previously have been unavailable. *Id.* at 1180. In this case, however, Lostumbo's own brief concedes that he "elected not to submit Robertson's affidavit [at] the summary judgment proceeding because it was believed that this evidence merely proved facts which were sufficiently proved through evidence already part of the record." The district court did not abuse its discretion in determining that the affidavit Lostumbo sought to introduce was available during the pendency of the summary judgment motion, and it therefore properly dismissed Lostumbo's Rule 59 motion.

■ Additionally, the district court did not err in granting summary judgment in favor of Bethlehem Steel. We review district court orders granting summary judgment *de novo*. The law of summary judgment is well settled in this circuit, *see Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991), and we will refrain from a lengthy exposition of the matter. Rather, we note only that a genuine issue of material fact exists only if there is sufficient evidence for a jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Indiana negligence law, which governs this case, requires plaintiffs to demonstrate a duty, a breach of the duty, and an injury caused by the breach. *Cowe ex rel. Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 636 (Ind.1991). The district court properly found that the only duty Bethlehem Steel owed Lostumbo, the employee of an independent contractor, was to keep its premises in a reasonably safe condition. Lostumbo presented no evidence during the pendency of the summary judgment motion that Bethlehem Steel gratuitously assumed a broader duty to provide a safe work place,[1] *see Northern Indiana Public Service Co. v. East Chicago Sanitary Dist.*, 590 N.E.2d 1067, 1074 (Ind.Ct.App.1992), nor did it offer evidence that Bethlehem Steel assumed control over the scaffold,[2] *see McClure v. Strother*, 570 N.E.2d 1319, 1322 (Ind.Ct.App.1991).

■ The district court then found that Lostumbo failed to offer evidence that Bethlehem Steel had breached its duty to keep the premises reasonably safe. As the district court noted, "the comparative knowledge of landowner and invitee … is properly taken into consideration in determining whether such a duty [to keep the premises reasonably safe] was breached." *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind.1990). Lostumbo presented no evidence that Bethlehem Steel used the scaffold or knew of any dangers involving the scaffold before Lostumbo sustained his injuries. Lostumbo, who unquestionably used the scaffold, was in a better position to discover the defect than Bethlehem Steel. Quite simply, Bethlehem Steel established that there was no genuine issue of material fact regarding its breach of a duty to keep its premises reasonably safe, and Lostumbo failed to present evidence to the contrary. The judgment of the district court is

AFFIRMED.

---

1. Lostumbo argues that because Bethlehem Steel made provisions for safety, it gratuitously assumed the duty to provide a safe work place. The manner in which Bethlehem Steel supposedly so provided, however, was by contractually obligating McGraw Construction to be solely liable for safety on the job site. No doubt the last thing Bethlehem Steel intended to result from that provision was the imposition of a *greater* duty on itself than if it had remained silent, and Lostumbo's inference that it was the intended beneficiary of the contract between McGraw Construction and Bethlehem Steel is without merit.

2. Bethlehem Steel's project manager, Earl Jackson, maintained that McGraw Construction built the scaffold, but Lostumbo unresponsively contended that Nuclear Welding did not do so. Similarly, on the question of whether Bethlehem Steel ever used the scaffold Lostumbo asserted merely that Bethlehem Steel's use of the scaffold could be inferred from the contract. That inference, regardless of its possible veracity, was not a reasonable one in this case. Lostumbo simply failed to present any credible evidence on the issue of assumption of control.