91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael G. BASINGER, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., Defendant-Appellee.
 No. 94-3908.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1996.
 
 Before: NORRIS and MOORE, Circuit Judges, and MILES, District Judge.*
 MOORE, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Michael G. Basinger ("Basinger") appeals the district court's order granting summary judgment to Defendant-Appellee CSX Transportation, Inc. ("CSX"), and the district court's order denying Basinger's motion for reconsideration. Basinger argues that the district court erred by holding that Basinger had failed to produce evidence showing that there was a genuine issue of material fact in this case arising under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. For the reasons that follow, we affirm the district court's orders granting summary judgment and denying the motion for reconsideration.
 
 
 2
 * Basinger was employed by CSX, a railroad company, as a laborer and hostler helper. As part of his duties at CSX, Basinger had to "throw" hand-operated switches in the railroad yard. Basinger asserted that some of the switches were poorly maintained and not oiled, and thus were difficult to throw. Throwing these switches, according to Basinger, "regularly caused unnecessary stress and strain on my wrists." Basinger alleged that he overheard other employees complaining about the poorly maintained switches, but did not specify to whom the complaints were directed.
 
 
 3
 Another of Basinger's duties at CSX was to wash dirt and oil from train engines. To clean the engines, Basinger used a spray "gun" attached to a high pressure hose. According to Basinger, the spray gun would jerk his wrists when the water began to come through the hose, causing excessive strain on his wrists. Basinger stated that the spray gun was unsafe because there was no mechanism to regulate the amount of pressure from the hose, and there was no bracing or other means to hold the gun steady and avoid straining the employee's wrists.
 
 
 4
 In November 1990, Basinger noticed pain in his wrists, and was diagnosed with carpal tunnel syndrome in both wrists by Dr. Saferin. Basinger stated in his affidavit that Dr. Saferin told Basinger that the carpal tunnel syndrome was work-related, and that the poorly maintained switches and the spray gun were the types of stresses that could cause carpal tunnel syndrome. In 1992, Basinger had surgery on his wrists.
 
 
 5
 In 1993, Basinger filed a complaint under the FELA against CSX. Basinger, through his attorney, responded to CSX's discovery requests. Basinger produced some medical records relating to his carpal tunnel syndrome and gave essentially non-responsive answers to CSX's interrogatories. Based on these discovery responses, CSX moved for summary judgment. CSX based its motion on Basinger's failure to provide sufficient evidence of a prima facie FELA case, and attached to its motion both Basinger's discovery responses and an affidavit from a CSX employee stating that CSX had never received any complaints about the switches or the sprayer from Basinger.
 
 
 6
 In his response to CSX's summary judgment motion, Basinger attached only his affidavit, which recited the facts described above in the first three paragraphs of this section. Basinger did not attach an affidavit from Dr. Saferin or any other doctor discussing his carpal tunnel syndrome. The district court granted CSX's summary judgment motion, finding that Basinger's affidavit was insufficient under Rule 56(e) of the Federal Rules of Civil Procedure. The district court found that Basinger's affidavit did not go beyond the mere allegations of the complaint, and that Dr. Saferin's alleged statement to Basinger, as recounted in Basinger's affidavit, was inadmissible hearsay that could not be considered. The district court found CSX was entitled to summary judgment because Basinger failed to include evidence sufficient to raise a genuine issue of material fact about whether defects existed in the equipment, whether CSX had notice of the alleged defects, and whether the alleged defects caused Basinger's carpal tunnel syndrome.
 
 
 7
 Basinger then filed a motion for reconsideration of the district court's order granting CSX's motion for summary judgment. Basinger attached to his motion an affidavit from a Dr. Dwyer stating that throwing the poorly maintained switches caused Basinger's carpal tunnel syndrome and that the strain caused by the spray gun contributed to the carpal tunnel syndrome. Basinger also attached to his motion a "Clarification Affidavit of Michael G. Basinger," which contained additional information that the district court, in its opinion, had noted was not in Basinger's first affidavit. Basinger also attached to his motion a portion of the CSX safety handbook that discussed maintenance of the switches. Basinger did not argue that this information was previously unavailable to him, or offer any excuse for not attaching the information to his response to CSX's summary judgment motion.
 
 
 8
 The district court denied Basinger's motion for reconsideration. The district court reasoned that the evidence Basinger attached to his motion for reconsideration should have been presented in his response to CSX's summary judgment motion, and that the evidence Basinger had presented in his response to CSX's summary judgment motion was insufficient to avoid summary judgment. Basinger then appealed to this court.
 
 II
 
 9
 Because the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed.R.Civ.P. 59(e). Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir.1982); see also Foman v. Davis, 371 U.S. 178, 181 (1962) (permissible to treat motion to vacate dismissal as a motion to alter or amend under Fed.R.Civ.P. 59(e)). Basinger's motion to reconsider was filed and served within 10 days of the district court's order granting summary judgment to CSX, and is properly considered a Rule 59(e) motion to alter or amend.
 
 
 10
 The district court gave two rationales for denying Basinger's motion to reconsider. First, the district court declined to consider the additional affidavits submitted by Basinger because "[t]he evidence that plaintiff now seeks to submit should have been presented in his opposition to the original motion." Second, the district court stated that it would deny the motion to reconsider because the evidence Basinger submitted in his response to CSX's summary judgment motion did not meet the Fed.R.Civ.P. 56 requirements necessary to avoid summary judgment.
 
 
 11
 * This court generally reviews for an abuse of discretion a district court's order denying a motion for reconsideration. However, when the district court rejects a motion that seeks reconsideration of a grant of summary judgment, this court reviews the district court's legal determination de novo. Columbia Gas Transmission Corp. v. Limited Corp., 951 F.2d 110, 112 (6th Cir.1991). Although denials of Rule 59(e) motions that seek reconsideration of grants of summary judgment generally are reviewed de novo, we will reserve de novo review only for the district court's second rationale in this case. We will review the district court's refusal to consider Basinger's additional evidence for an abuse of discretion.
 
 
 12
 In Huff, this court reviewed a denial of a motion to reconsider a grant of summary judgment under two different standards of review because the district court's denial of the motion to reconsider rested on two alternative grounds. The district court had reasoned first that the motion to reconsider should be denied because a federal court should not determine state law domestic relations issues. Huff, 675 F.2d at 122. This court held that this was error, because the domestic relations issues arose in the context of a federal statute that the district court was empowered to interpret. Id. at 122-23. The court stated in a footnote to this holding that:
 
 
 13
 Although the appropriate standard of review is generally whether an abuse of discretion has occurred, when the lower court rejects an application under Rule 59(e) based upon an erroneous legal doctrine, our standard of review is the same as in other cases of legal error.
 
 
 14
 Id. at 122 n. 5.
 
 
 15
 The Huff court went on to review under an abuse of discretion standard the district court's second ground for denying the motion to reconsider, which was that the evidence submitted in support of the 59(e) motion could not be considered because it was previously available, stating:
 
 
 16
 ... [W]e find no abuse of discretion in the district court's determination that the evidence would not be considered because it was not newly discovered and its credibility was doubtful.
 
 
 17
 Id. at 123. Thus, this court approved the use of multiple standards of review even when the order which was to be reconsidered was a grant of summary judgment.
 
 
 18
 The use of both standards of review also is consistent with the rationales behind each standard of review. Summary judgment is reviewed de novo because summary judgment is appropriate only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. However, the district court's decision whether to consider untimely evidence is in the nature of a trial conduct issue, which generally is left to the district court's discretion. See United States v. Poindexter, 942 F.2d 354, 361 (6th Cir.) (district judge's conduct of a trial reviewed only for abuse of discretion), cert. denied, 502 U.S. 994 (1991). Therefore, we will review the district court's refusal to consider untimely evidence for abuse of discretion, and will review the district court's determination that Basinger's original evidence was insufficient de novo.
 
 B
 
 19
 It is not an abuse of discretion for a district court to decline to consider a Rule 59(e) motion in which the movant attempts to submit evidence that was available at the time the movant was contesting a summary judgment motion. Emmons v. McLaughlin, 874 F.2d 351, 358 (6th Cir.1989) ("It is well established, however, that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment"); Huff, 675 F.2d at 122-23 (not an abuse of discretion for district court to decline to consider evidence submitted on motion to reconsider when evidence is not newly discovered and its credibility is doubtful). See also Lostumbo v. Bethlehem Steel, Inc., 8 F.3d 569, 570 (7th Cir.1993) (district court did not abuse its discretion by denying Rule 59(a) motion for finding of additional facts based on evidence party elected not to submit on summary judgment); School District No. 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (not an abuse of discretion for district court to decline to consider previously available contract documents that were not submitted on summary judgment), cert. denied, 114 S.Ct. 2742 (1994); Committee For The First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir.1992) (district court did not abuse its discretion in declining to consider previously available evidence submitted as attachment to motion to reconsider summary judgment).
 
 
 20
 In this case, the district court did not abuse its discretion by declining to consider the additional evidence submitted by Basinger. The additional evidence clearly was available to Basinger before he responded to CSX's summary judgment motion, and Basinger has given no explanation for his failure to submit the evidence earlier. Therefore, we will affirm the district court's order denying Basinger's motion to reconsider.
 
 III
 
 21
 Basinger argues that the district court failed to consider the lower burden of proof placed on FELA plaintiffs in assessing the evidence presented by Basinger, and that Basinger's evidence met this lower burden of proof. This court reviews grants of summary judgment de novo, using the same test as the district court. Wiley v. United States, 20 F.3d 222, 224 (6th Cir.1994). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. In all cases in which summary judgment is sought, "the nonmoving party cannot respond by merely resting on the pleadings, but rather the nonmoving party must present some 'specific facts showing that there is a genuine issue for trial.' " Id. at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). The nonmoving party must produce evidence sufficient to permit a reasonable jury to find for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). " 'Speculation cannot supply the place of proof.' " Green v. River Terminal Ry., 763 F.2d 805, 807 (6th Cir.1985) (quoting Moore v. Chesapeake & Ohio Ry., 340 U.S. 573, 576 (1951)).
 
 
 22
 Basinger is correct that the district court must view the evidence through the "prism of the substantive evidentiary burden" when deciding summary judgment motions, "bear[ing] in mind the actual quantum and quality of proof necessary to support liability" under the substantive law. Anderson, 477 U.S. at 254. Basinger also is correct that FELA plaintiffs have a lower standard of proof than plaintiffs in ordinary negligence cases. See Harbin v. Burlington Northern R.R., 921 F.2d 129, 131 (7th Cir.1990) ("It is well established that the quantum of evidence required to establish liability in an FELA case is much less than in an ordinary negligence action."); see also Rodriguez v. Delray Connecting R.R., 473 F.2d 819, 820 (6th Cir.1973) (noting that commentators have stated that FELA verdicts may be sustained on evidence that would be insufficient in ordinary negligence actions). FELA plaintiffs must show only that the railroad's negligence played any part in causing the injury, instead of proving the ordinary negligence requirement that the negligence be the proximate cause of the injury. The Supreme Court has described the FELA plaintiff's burden as follows:
 
 
 23
 Under this statute, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.
 
 
 24
 Rogers v. Missouri Pacific R.R., 352 U.S. 500, 506 (1957). However, the FELA is not a workers' compensation statute, and plaintiffs must prove that their injuries resulted, at least in part, from the railroad's negligence. Harris v. Illinois Central R.R., 58 F.3d 1140, 1143 (6th Cir.1995). Therefore, an "FELA plaintiff is not impervious to summary judgment." Lisek v. Norfolk & Western Ry., 30 F.3d 823, 832 (7th Cir.1994), cert. denied, 115 S.Ct. 904 (1995). Even when viewed through the prism of the FELA burden of proof, Basinger's evidence fails to show a genuine dispute over any material fact, and the district court was correct to grant summary judgment to CSX.
 
 B
 
 25
 To present a prima facie case under the FELA, a plaintiff must prove that:
 
 
 26
 (1) the plaintiff was injured while in the scope of the plaintiff's employment;
 
 
 27
 (2) the plaintiff's employment is in furtherance of the railroad's interstate transportation business;
 
 
 28
 (3) the employer was negligent; and
 
 
 29
 (4) the employer's negligence played some part in causing the injury for which compensation is sought under the FELA.
 
 
 30
 Green, 763 F.2d at 808. To prove that the employer was negligent, the FELA plaintiff must " 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.' " Adams v. CSX Transportation, Inc., 899 F.2d 536, 539 (6th Cir.1990) (quoting Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir.1987)). The district court held that Basinger presented insufficient evidence of the alleged defects, causation, and notice.
 
 
 31
 In his response to CSX's summary judgment motion, Basinger presented only his affidavit. Basinger presented no evidence that CSX had actual or constructive notice of the allegedly defective switches or spray gun. Basinger argues that his assertion in his affidavit that he "overheard fellow employees complain about these switches" is evidence that CSX had notice of the alleged defects. However, even construed most favorably to Basinger, this assertion does not indicate that CSX had notice of the allegedly defective switches because Basinger does not state to whom the complaints were directed. Unless the complaints were directed to supervisory employees whose knowledge could be imputed to CSX, which is impossible to determine from Basinger's affidavit, CSX cannot be charged with knowledge of the alleged defects. Basinger also argues that the condition of the switches and spray gun provided constructive notice to CSX of the defects, but Basinger's affidavit provides no basis for this conclusion. The affidavit does not assert that the defects were visible or apparent to anyone who saw the switches or the spray gun. CSX presented evidence that it had not received any complaints from Basinger about the switches or the spray gun, and Basinger failed to come forward with any evidence to create an issue of fact on the notice issue. On this basis alone, the district court was correct to grant summary judgment to CSX, since FELA plaintiffs must prove that the railroad had actual or constructive notice, or that they could or should have known, of the allegedly defective workplace condition in order to state a claim. Miller v. Cincinnati, New Orleans And Texas Pacific Ry., 317 F.2d 693, 695 (6th Cir.1963) ("Under familiar law, defendant could not be convicted of negligence, absent proof that such defect was known, or should or could have been known, by defendant, with opportunity to correct it.").
 
 C
 
 32
 Basinger also failed to present evidence that was sufficient to create a genuine issue of material fact on the issue of causation. Assuming that the switches and spray gun were defective, Basinger provided no evidence, other than his own speculation, that the defects caused his carpal tunnel syndrome. Basinger argues that he provided evidence of causation in paragraph 14 of his affidavit, which reads:
 
 
 33
 Dr. Saferin told me that the cause of the carpal tunnel was work related stress on my wrists. Dr. Saferin told me the damage is done gradually over time. He also told me that the poorly maintained switches and the spray gun were the types of stresses with would cause this.
 
 
 34
 However, this statement in his affidavit cannot be considered as evidence on summary judgment because it is hearsay. Wiley, 20 F.3d at 226. While Fed.R.Civ.P. 56(e) does not require that a party present evidence in a form that would be admissible at trial, it does require that affidavits "set forth such facts as would be admissible in evidence." Thus, although evidence may be presented for summary judgment in the form of affidavits, which are not generally admissible at trial, inadmissible hearsay evidence contained in an affidavit cannot be considered on summary judgment. See Treff v. Galetka, 74 F.3d 191, 195 (10th Cir.1996) (although the evidence need not be produced in a form that is admissible at trial, the content of the evidence must be admissible; "[i]nadmissible hearsay evidence in an affidavit will not defeat summary judgment").
 
 
 35
 Finally, Basinger argues that a statement in an occupational therapy evaluation record, which states "Cause of Injury--Work Related" is evidence of causation. However, this statement contains no indicia as to its source, which could simply have been Basinger's or Dr. Saferin's speculation, and contains no indicia as to its author. Therefore, the statement is too slim a reed upon which to rest a genuine issue of material fact, even when the lower FELA burden of proof is considered. Basinger presented no competent evidence that the switches or the spray gun played even a slight role in causing his carpal tunnel syndrome. The district court was correct to grant summary judgment to CSX.
 
 IV
 
 36
 The district court's orders granting summary judgment to CSX and denying Basinger's motion for reconsideration are AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation