**NAGLE INDUSTRIES, INC., Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 95–75840.**

United States District Court,
E.D. Michigan,
Southern Division.

May 21, 1997.

Michael Dinnan, Troy, MI, for Plaintiff.

George Summerfield, Bloomfield Hills, MI, for Defendant.

**ORDER DENYING PLAINTIFF'S MO-
TION UNDER RULES 59 AND 60
FOR RECONSIDERATION AND TO
ALTER THE COURT'S MARCH 13,
1997 ORDER AND DENYING PLAIN-
TIFF'S MOTION TO CERTIFY FOR
IMMEDIATE APPEAL UNDER 28
U.S.C. § 1292(b)**

EDMUNDS, District Judge.

This matter comes before the Court on Plaintiff Nagle Industries, Inc. (Nagle)'s motion to reconsider or alter a March 13, 1997 opinion and order granting Defendant Ford Motor Company (Ford)'s motion for summary judgment of noninfringement. In the alternative, Nagle requests that the Court certify an immediate appeal of the March 13, 1997 order under 28 U.S.C. § 1292(b). Na-

gle's motions are **DENIED**. Nagle's motion for reconsideration is denied because it offers previously considered arguments, attempts to relitigate previously considered issues, and attempts to supplement the record with previously available evidence without an explanation why the evidence could not have been submitted, in the exercise of due diligence, while Ford's motion for summary judgment was pending. Nagle's motion to certify the March 13, 1997 interlocutory order for immediate appeal is denied because Nagle has not shown that its request satisfies the requirements of 28 U.S.C. § 1292(b) .

## I.  Background

On March 13, 1997, the Court entered an opinion and order granting Defendant's motion for summary judgment of noninfringement. The Court's opinion concluded that the disputed "slack adjustment means" language in Nagle's United States Patent No. 5,129,281 ("the '281 patent") is written in "means-plus-function" language, and, therefore, the Court's construction of that language is guided by 35 U.S.C. § 112, Para. 6 of the Patent Act. Construing the "slack adjustment means" language in claims 1 and 21 with reference to the '281 patent specification, the Court concluded it defined a mechanism with structures identical to, or the equivalent of, those taught in the preferred and alternate embodiments of the '281 patent; i.e., in the preferred embodiment: a passageway, a channel with teeth spaced by grooves, a retainer member with a pair of outward-extending tangs that engage the teeth in the channel, and springs; and in the alternate embodiment: a pair of parallel T-shaped arms, the free ends of which contain a channel and teeth spaced by grooves, and a single spring with C-shaped ends that project outward and engage the teeth. The court further concluded that the '281 patent specification teaches that these structures or their equivalents must be attached to the ends of a pair of cable strands located in the cable assembly's large pulley member, must cooperate with each other to adjust the slack in the strand to which they are attached by engaging teeth, or their equivalent, and must be capable of being manually adjusted by a tool such as a screwdriver.

As to Nagle's claim of literal infringement, the Court concluded that Nagle had not come forward with specific facts establishing that a genuine issue of material fact remained for trial on the question whether the vent pulley spring in Ford's accused device is equivalent, within the meaning of 35 U.S.C. § 112, Para. 6, to the slack adjustment structures disclosed in the Nagle '281 patent specification, and whether the accused device performs a function that is identical to that performed by the claimed device. Finally, the Court concluded that Nagle failed to establish that a triable issue of fact remained on the question whether the Ford accused device infringes the Nagle '281 patent under the doctrine of equivalents because Nagle did not present the Court with competent evidence that the accused Ford device performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed element, presented no evidence that a person skilled in the art would have known of the interchangeability between the two elements, and thus presented no evidence that would give rise to the inference that the accused device infringed under the doctrine of equivalents.

Nagle now requests that the Court reconsider or alter its March 13, 1997 order under Fed.R.Civ.P. 59 and 60 and Local Rule 7.1(h). In the alternative, Nagle requests that the Court certify an immediate appeal of that order under 28 U.S.C. § 1292(b).

## II.  Analysis

### A.  Motion for Reconsideration

■ Although the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, "such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed.R.Civ.P. 59(e)." *Basinger v. CSX Transp., Inc.*, 91 F.3d 143 (Table, Text in Westlaw), 1996 WL 400182, *2 (6th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 950, 136 L.Ed.2d 838 (1997) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)). Nagle's motion for reconsideration was filed and served within ten days of the Court's March 13, 1997 or-

der[1] and is properly considered as a timely Rule 59(e) motion.

■ Motions to alter or amend, brought pursuant to Fed.R.Civ.P. 59(e), "are entrusted to the Court's sound discretion." *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. 1139, 1140 (W.D.Mich. 1996) (citing *Huff,* 675 F.2d at 122). Rule 59(e) motions are generally granted for three reasons:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Keweenaw Bay,* 940 F.Supp. at 1141 (footnote and citation omitted) Such motions, however, are "not intended as a vehicle to relitigate previously considered issues"; "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence"; and are not the proper vehicle to attempt to obtain a reversal of a judgment "by offering the same arguments previously presented". *Id.* (citations omitted).[2]

Nagle's motion argues that the Court's March 13, 1997 order should be reconsidered because (1) a disputed question of fact remains as to whether the accused Ford device uses one or two springs; (2) contrary to the Court's conclusion, Mr. Van Zanten refuted his own testimony that (a) the claimed device would not accomplish its intended function without teeth, and (b) because the accused Ford device does not have a channel with teeth that work in conjunction with its compression spring, it works differently from the Nagle device; (3) contrary to the Court's conclusion, Dr. Dix's declaration does not assert only factually unsupported conclusions; and (4) deposition testimony of Ford's engineering expert, Peter Hochstein, is newly discovered evidence that provides an added basis for denying Ford's motion for summary judgment of noninfringment. The Court rejects Nagle's arguments and **DENIES** its motion for reconsideration.

■ First, Nagle has not, as it is required to do in the context of a Rule 56 motion for summary judgment, demonstrated that the fact whether the accused Ford device contains one or two springs is material to its claim that the accused device infringes the Nagle '281 patent either literally or under the doctrine of equivalents. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (where the Court observed "[a]s to materiality, the substantive law will identify which facts are material.... Factual disputes that are irrelevant or unnecessary will not be counted"). It is well established that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48, 106 S.Ct. at 2510 (emphasis in original).

■ The Court also rejects Nagle's attempt to supplement the record by introducing portions of Dr. Dix's deposition testimony that were available yet were not placed in the record prior to the Court's March 13, 1997 order. Dix's deposition was taken on December 6, 1996, the motion hearing took place on March 12, 1997, and the Court's order was issued on March 13, 1997. The transcript of Dix's deposition, however, was not filed until March 24, 1997. Only pages 113–124, 185–192 were presented to the Court or placed in the record prior to the Court's March 13, 1997 order. Nagle does not provide the Court with any reason why this evidence could not have been previously submitted. Accordingly, the Court will not consider any Rule 59(e) argument premised upon this previously available evidence that was not submitted on summary judgment. *See Keweenaw Bay,* 940 F.Supp. at 1141.

---

1. Computation of the ten days is in accord with Fed.R.Civ.P. 6(a).

2. Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration should be granted if movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. However, a motion that merely presents the same issues already ruled upon by the court shall not be granted.

*See also Basinger,* 1996 WL 400182 at *3 (where the Sixth Circuit held it was "not an abuse of discretion for a district court to decline to consider a Rule 59(e) motion in which the movant attempts to submit evidence that was available at the time the movant was contesting a summary judgment motion") (citing *Emmons v. McLaughlin,* 874 F.2d 351, 358 (6th Cir.1989); *Huff,* 675 F.2d at 122–23; *Lostumbo v. Bethlehem Steel, Inc.,* 8 F.3d 569, 570 (7th Cir.1993); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994); *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1524 (10th Cir.1992)).

Also rejected is Nagle's second argument that Mr. Van Zanten's deposition testimony creates a genuine issue of material fact as to the equivalency of the "slack adjustment means" in the accused Ford device and the claimed Nagle device.[3] Nagle offers the same arguments here that the Court previously considered and rejected in its March 13, 1997 order. Rule 59(e) motions for reconsideration are not the proper vehicle to "relitigate issues previously considered". *Keweenaw Bay,* 940 F.Supp. at 1141. *See also* Local Rule 7.1(h).

Nagle continues to misconstrue Van Zanten's deposition testimony by improperly taking an isolated statement out of context. The first statement Nagle relies upon is incorporated in the same line of questioning the Court concluded supported Ford's position that the claimed device would not accomplish its intended function without teeth. The testimony is as follows:

Q: The rows of teeth is to adjust the slack?

A: Correct, in corporation [sic] with the spring and the clip in the channel.

Q: It's fair to say that everything working together would be there to adjust the slack, in what is shown in Figure One [in Nagle's '281 patent]?

\* \* \*

A: Correct.

Q: Looking at Figure One again, if the row of teeth were not there could the spring adjust the slack by itself so the product would work?

A: Yes.

Q: How?

A: Well, it would be independent. When you would turn one end the spring would compress and then it probably would go back to its natural state. And then as you turn back the other way this spring then would also compress, but then as it kind of tapers off the spring would go back to the other way. I tried doing that, unfortunately you have to keep it retained in the pulley, or the spring will pull it out, pop out.

Q: Did it work?

A: Yes, I had one that worked, but it was too hard to keep it in place so we abandoned it.

Q: It would not have worked for commercial

A: It could have worked with another application, but not the loads we were currently dealing with at the time.

Q: When you say not the loads, you're talking about the specific HVAC [heat, vent, air conditioning] application you were looking at?

A: Yes.

Q: That is why you ultimately needed to add the teeth to this configuration?

A: That is correct.

Q: By this configuration I'm referring to Figure One on the 281 patent. You understood that when you answered the question?

A: Yes.

Van Zanten Dep. at 32–33. Nagle's argument fails to appreciate the summary judgment requirement that in order to demonstrate the genuineness of any issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to [that] material fact[ ]." *Matsushita Elec-*

---

**3.** Mr. Van Zanten is one of the inventors of the Nagle '281 patent.

*tric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Nagle also relies on Van Zanten's deposition testimony that the accused Ford device operates "using the same concepts as disclosed in [Nagle's] '281 patent". Nagle argues that this statement refutes Van Zanten's immediately preceding testimony that the Nagle and Ford devices operate differently because the Ford device does not have a channel with teeth that work in conjunction with its compression spring and thus creates a genuine issue of material fact as to the "equivalency" of the "slack adjustment means" in the claimed Nagle device and the accused Ford device. *See* Van Zanten Dep. at 100–101. This argument fails for all the same reasons expressed above. Nagle's argument also fails to appreciate the Supreme Court's recent observations that (1) Section 112, Para. 6 of the Patent Act limits means-plus-function claims to "only those means that are 'equivalent' to the actual means shown in the patent specification"; (2) "the doctrine of equivalents is to be applied to individual elements of the claim, not to the invention as a whole"; and (3) "application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner–Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,* — U.S. —, —, —, 117 S.Ct. 1040, 1048, 1049, 137 L.Ed.2d 146 (1997).

■ Nagle's third argument challenging the Court's conclusion that Dr. Dix's declaration was flawed is likewise rejected because it merely presents arguments already presented to and rejected by the Court. "Where a moving party attempts to obtain a reversal of a judgment by offering the same arguments previously presented, the proper vehicle for relief is an appeal rather than a motion to alter or amend." *Keweenaw Bay,* 940 F.Supp. at 1141 (internal quotes and citations omitted).

■ Finally, the Court rejects Nagle's argument that its motion for reconsideration must be granted in light of newly discovered evidence; i.e., deposition testimony of Ford's engineering expert Peter Hochstein. Mr. Hochstein's deposition was taken on January 22, 1997; well in advance of the March 12, 1997 hearing on Ford's motion for summary judgment of noninfringement. Hochstein's testimony, however, was not referenced nor placed in the record while Ford's motion for summary judgment was pending.[4]

Nagle does not provide the Court with an explanation why this previously available evidence could not have been submitted prior to the Court's March 13, 1997 decision in the exercise of due diligence. Nagle could have asked the Court for permission to supplement its response in opposition to Ford's motion and include this evidence; the Court had previously granted a similar request by Nagle. *See* 1/23/97 Order. Because Nagle "failed to take the proper steps to insure consideration" of evidence that could have been produced while the motion for summary judgment was pending, the Court will not allow Nagle to "slip it into the record through the motion for reconsideration." *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). "[A] Rule 59(e) motion should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." *Keweenaw Bay,* 940 F.Supp. at 1141. Accordingly, the Court will not consider Nagle's request that it reconsider its March 13, 1997 order in light of this previously available evidence. *See Emmons,* 874 F.2d at 358; *Huff,* 675 F.2d at 122–23; *Lostumbo,* 8 F.3d at 570; *School District No. 1J,* 5 F.3d at 1263; *Committee for First Amendment,* 962 F.2d at 1524; *Basinger,* 1996 WL 400182 at *3.

■ Examination of Nagle's request under Rule 60(b)(2) does not produce a different result. "The same standard applies for establishing this [new evidence] ground for relief, whether the motion is under Rule 59 or 60(b)(2).... The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them" while the matter was pending before the Court. 11 Wright, Miller & Kane, Federal

4. Peter Hochstein's deposition transcript was filed on March 21, 1997.

Practice and Procedure: Civil 2d, § 2808 at 86, 87–88. Nagle has not show that it could not have, in the exercise of due diligence, discovered and timely presented the Hochstein evidence to the Court while Ford's motion for summary judgment of noninfringement was pending.

### B. Motion to Certify March 13, 1997 Interlocutory Order for Immediate Appeal Under 28 U.S.C. § 1292(b)

Nagle argues that its motion to certify an immediate appeal should be granted because (1) the Court's March 13, 1997 order involves a controlling question of law on which there is a substantial ground for difference of opinion; and (2) certification, along with a stay, will avoid the possibility of two separate trials on Count I of its complaint (patent infringement) and Count II (unfair competition) which share inter-related facts and witnesses and thus may advance the ultimate termination of this litigation. Ford opposes Nagle's motion arguing Nagle has not even attempted to identify a single controlling question of law and further arguing there is none that satisfies the requirements of Section 1292(b). The Court agrees and **DENIES** Nagle's motion.

28 U.S.C. § 1292(b) provides that certification for appeal is appropriate if the Court is of the opinion that its interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation". The March 13, 1997 order Nagle seeks to have certified for an immediate interlocutory appeal does not encompass a controlling question of law and thus is not appropriate for immediate appeal pursuant to 28 U.S.C. § 1292(b). The finding of noninfringement in this case revolved around the specific facts of this case, the claim language at issue, the patent specification and questions of law that are not subject to substantial ground for difference of opinion. In addition, immediate appeal will not materially advance the ultimate termination of this litigation. Dismissal of Count II (unfair competition claims) of Nagle' complaint has been requested by both Ford and Nagle in separate motions, and the motions are presently pending before the Court and are scheduled for hearing on May 21, 1997.

### III. Conclusion

For the foregoing reasons, Nagle's motions for reconsideration and to certify for immediate appeal are **DENIED**.