**Dubois v. Restore: The North Woods    CV-95-50-B    12/10/98**
**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Roland Dubois**</u>

    v.                                                    Civil No. 95-50-B

<u>**Restore: the North Woods**</u>

<u>**O R D E R**</u>

I denied Roland Dubois's motion for attorney's fees in a July 17, 1998 Order. The clerk entered judgment for the defendant on October 1, 1998. Dubois has filed a motion seeking either: (1) clarification of the judgment specifying that it does not cover the July 17, 1998 Order, or (2) a ruling reconsidering the Order. I address each request in turn.

A.    <u>**The Form of the Judgment**</u>

Although neither party raises the issue, the October 1, 1998 judgment fails to recognize that Dubois prevailed on his claims for injunctive relief in a decision dated May 5, 1997. Accordingly, the judgment must be amended.

Dubois contends that the amended judgment should not cover my ruling on his request for attorney's fees because the matter is collateral to the merits and, in any event, further discovery is necessary before the issue can be resolved. I disagree. Fed.

R. Civ. P. 58 does not require that a ruling on a motion for attorney's fees must be addressed in a separate judgment. As I explain below, the question of whether Dubois is entitled to attorney's fees was resolved by the July 17, 1998 Order. No further discovery is warranted. Therefore, my ruling on the attorney's fee issue should not be excluded from the amended judgment disposing of Dubois's claims on the merits.

B.      Reconsideration of the Attorney's Fees Issue

Dubois bases his request for reconsideration of the July 17, 1998 Order primarily on evidence which he failed to present when the motion was filed.[1] Dubois concedes that this new evidence was available when he made his original request for fees. Nevertheless, he argues that he should be permitted to offer the evidence now because he did not understand its significance when he first requested attorney's fees. The short answer to Dubois's argument is that he cannot withhold available evidence, wait for an adverse ruling, and then seek to reopen a case by citing evidence that he could have called to my attention before I ruled on his request. See Haydon v. Grayson, 134 F.3d 449 (1st Cir. 1998); Lostumbo v. Bethlehem Steel, Inc., 8 F.3d 569, 570 (7th Cir. 1993).

_____

[1] To the extent that Dubois also relies on evidence and arguments he made in his motion for attorney's fees, I find his arguments unpersuasive.

In denying Dubois's request for attorney's fees, I adopted the evidence and arguments proffered by the government in its memorandum opposing Dubois's request for attorney's fees. Dubois did not seek additional discovery on the issue after the government submitted its memorandum, he did not seek permission to file a reply memorandum, he did not seek an evidentiary hearing, and he did not timely seek reconsideration of the July 17, 1998 Order. Moreover, Dubois's belated suggestion that his motion for attorney's fees should have been treated merely as a motion for summary judgment is frivolous. Under these circumstances, it is simply not sufficient for Dubois to assert that he should be allowed to offer new evidence now because he did not understand its significance when he filed his request for attorney's fees.

The clerk shall issue an amended judgment in the form attached to this order. Dubois's request to alter or amend the judgment is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December    , 1998

cc:  Roland Dubois
     Jed Callen, Esq.

Alexander Kalinski, Esq.
David Neslin, Esq.
Evan Slavitt, Esq.
Grant Kidd, Esq.
Sylvia Quast, Esq.
Stephen Herm, Esq.
David Legge, Esq.
Scott Hogan, Esq.