**DIRECTV, INC., a California corporation, Plaintiff/Counter–Defendant,**

and

**Hughes Electronics, Corp., a California corporation, Counter–Defendant,**

v.

**Eugene KARPINSKY, Defendant/Counter–Plaintiff.**

**No. 02–CV–73929.**

United States District Court, E.D. Michigan, Southern Division.

July 31, 2003.

---

Norman C. Ankers, Bradley H. Darling, Honigman, Miller, MI, for DirecTV.

John T. Hermann, Berkley, MI, for Eugene Karpinsky.

*ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, VACATING ENTRY OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND ENTRY OF JUDGMENT, AMENDING SCHEDULING ORDER, AND DENYING DEFENDANT'S JULY 23, 2003 MOTION FOR COSTS AS MOOT*

STEEH, District Judge.

Plaintiff DirecTV moves for reconsideration of this court's June 17, 2003 Opinion and Order to the extent defendant Eugene Karpinsky was granted summary judgment as to DirecTV's claims that Karpinsky received and assisted others in receiving unauthorized programming in violation of 47 U.S.C. § 605(a) (Count I), intentionally intercepted, endeavored to intercept, or procured others to intercept DirecTV's satellite programming in violation of 18

U.S.C. § 2511(1)(a) (Count II), possessed pirate access devices in violation of 18 U.S.C. § 2512(1)(b) (Count III), and is liable for conversion of DirecTV's satellite signals (Count IV). The court determined as a matter of law that "DirecTV must prove that Karpinsky received, assisted in receiving, or intercepted DirecTV's satellite transmissions .…" June 17, 2003 Opinion and Order, at 9. The court proceeded to grant Karpinsky's motion for summary judgment, reasoning:

> In light of the other evidence in the record, however, *including that Karpinsky* has never subscribed to DirecTV and *has never owned the necessary satellite reception equipment,* the court is persuaded on this record that a reasonable fact-finder could not infer that Karpinsky in fact unlawfully intercepted or aided in unlawfully intercepting DirecTV satellite signals.

*Id.,* at 11 (emphasis added). The factual issue of whether Karpinsky had ever owned the necessary satellite reception equipment was determined not to be in dispute based on Karpinsky's proffered March 28, 2003 attestation that: "I have never been in possession of a DirecTV access card or DirecTV conditional access system[.]" DirecTV did not proffer credible evidence to dispute Karpinsky's sworn statement that he has never owned the satellite reception equipment required to receive DirecTV signals.

In moving for reconsideration on July 3, 2003, DirecTV proffers credible evidence that Karpinsky did in fact purchase DirecTV receiving equipment on June 1, 2000, a little more than a year before Karpinsky purchased "Smartcard Recovery Systems" on August 25, 2001 and September 27, 2001. On July 9, 2003, the court ordered Karpinsky to file a response limited to the issues raised in DirecTV's motion for reconsideration. The court is now in receipt of Karpinsky's timely July 25, 2003 response.

At the outset, Karpinsky's argument that DirecTV's motion for reconsideration is untimely is without merit. The court granted Karpinsky's motion for summary judgment on June 17, 2003, and the order was entered on June 19, 2003. Under local court rule, "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1). By operation of Federal Rule of Civil Procedure 6(a), this 10 day period excludes intermediate Saturdays, Sundays, and legal holidays. E.D. Mich. LR 6.1(a). Service of the order granting Karpinsky's motion for summary judgment was accomplished by mail, thus providing DirecTV an additional 3 days to file its motion for reconsideration. Fed.R.Civ.P. 6(e); E.D. Mich. LR 6.1(b). DirecTV's July 3, 2003 motion for reconsideration was timely, and could have been timely filed as late as July 7, 2003.

■ "Although the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, 'such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed. R.Civ.P. 59(e).'" *Nagle Industries, Inc. v. Ford Motor Co.,* 175 F.R.D. 251, 253 (E.D.Mich. May 21, 1997) (quoting *Basinger v. CSX Transp., Inc.,* No. 94–3908, 1996 WL 400182, *2 (6th Cir.1996), *cert. denied,* 519 U.S. 1111, 117 S.Ct. 950, 136 L.Ed.2d 838 (1997)) (citing *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982)). Such motions for reconsideration "are entrusted to the Court's sound discretion," and may generally be granted for three reasons: (1) an intervening change in the law; (2) evidence not previously available has become available; or (3) the necessity to correct a clear error of law or prevent manifest injustice. *Id.* at 254 (quoting *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. 1139,

1140 (W.D.Mich.1996)). Without otherwise restricting this court's discretion to grant reconsideration, the moving party must demonstrate a palpable defect by which the court and the parties have been mislead, and show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

DirecTV has come forward with compelling evidence that, contrary to Karpinksy's sworn March 28, 2003 attestation that: "I have never been in possession of a DirecTV access card or DirecTV conditional access system," Karpinsky did possess a DirecTV conditional access system after purchasing the system at a Radio Shack outlet on June 1, 2000 under the name "Jene Karpinsky", with "Jene Karpinsky" having the same residential address as defendant Eugene Karpinsky, 14281 Borgman Street, Oak Park, Michigan. Construing this evidence in a light most favorable to DirecTV, a fact-finder could reasonably infer that Karpinsky did in fact unlawfully intercept or aid in unlawfully intercepting DirecTV satellite signals using this DirecTV conditional access system, in conjunction with the access cards he admittedly purchased. It follows that introduction of this evidence into the record would warrant a different disposition of Karpinsky's motion for summary judgment.

Karpinsky's arguments to the effect that the proffered evidence does not constitute new evidence is misplaced. The court is persuaded that reconsideration should be granted to prevent manifest injustice. The court relied on Karpinsky's unchallenged attestation that he never possessed a DirecTV satellite access system. The information proffered by DirecTV indicating that a "Jene Karpinsky", living at defendant's address of 14281 Borgman Street, Oak Park, Michigan, purchased such a system on June 1, 2000 is compelling notwithstanding that the evidence was previously available. The factual issue must be resolved at trial to prevent a manifest injustice in this lawsuit; the court need not address why DirecTV did not previously disclose this information in determining that reconsideration is warranted under the circumstances.

Karpinsky's argument that there is no way to prove that he in fact purchased the equipment from the New Jersey Radio Shack on June 1, 2000 is wholly without merit. Construing the pleadings and evidence in a light most favorable to DirecTV in adjudicating Karpinsky's motion for summary judgment on reconsideration, a reasonable fact-finder could infer from all the evidence that Karpinsky was the June 1, 2000 purchaser, notwithstanding another possibility that someone unknown to Karpinsky purchased the system using Karpinsky's name and address, and Karpinsky's continuing attestations denying possession of the equipment. *Winningham v. North Am. Resources Corp.*, 42 F.3d 981, 984 (6th Cir.1994); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'r*, 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Companies, Inc.*, 952 F.2d 942, 945 (6th Cir. 1992). DirecTV need only prove its claims by a preponderance of the evidence. On the record now before the court, the issue of Karpinsky's liability under 47 U.S.C. § 605(a) (Count I), 18 U.S.C. § 2511(1)(a) (Count II), 18 U.S.C. § 2512(1)(b) (Count III), and for conversion (Count IV) must be decided by the trier of fact.

The court is persuaded that the parties should be given additional time to conduct further discovery. Accordingly, the court will issue amended scheduling dates within this order. With the granting of DirecTV's motion for reconsideration, defen-

dant Karpinsky's motion for imposition of costs and fees will be denied as moot.

■ For the reasons set forth above, plaintiff DirecTV's motion for reconsideration is hereby GRANTED. That part of this court's June 17, 2003 Opinion and Order granting defendant Karpinsky's motion for summary judgment is hereby VACATED, and the disposition of Karpinsky's motion for summary judgment is amended as DENIED on the basis that a genuine issue of fact remains whether Karpinsky did, in fact, unlawfully intercept or aid in unlawfully intercepting DirecTV satellite signals. That part of the court's judgment dismissing DirecTV's claims is also hereby VACATED. DirecTV's claims as alleged in Counts I through IV remain viable. Defendant Karpinsky's June 30, 2003 motion for the imposition of costs and attorney fees is hereby DENIED without prejudice as MOOT. The parties are also hereby given **NOTICE of the following amended scheduling dates:**

**Discovery to close by: October 1, 2003**

**Final Pre–Trial Order Due: October 21, 2003**

**Final Pre–Trial Conference: October 28, 2003 at 2:00 PM**

**Non-jury Trial: (Trailing Docket) November 4, 2003 at 9AM**

The court will not entertain further pretrial dispositive motions.

SO ORDERED.