UNITED STATES of America, Plaintiff

v.

TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION, Defendant

NO. 1:16–cv–00044

United States District Court, M.D. Tennessee, Columbia Division.

Signed 07/13/2017

Andrea Gelatt, Kaitlyn Poirier, Department of Justice-Environment and Natural Resources Div., Washington, DC, for Plaintiff.

Jacob P. Mathis, Mathis, Bates & Klinghard, PLLC, Clarksville, TN, for Defendant.

### MEMORANDUM OPINION

WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE

Pending before the Court is the United States' Motion to Alter or Amend Judgment, or in the Alternative, for Clarification (Doc. No. 43). The United States asks the Court to alter or amend Judge Sharp's prior Orders and Entry of Judgment in this case (Doc. Nos. 40–42).

## I.  BACKGROUND

The United States, acting at the request of the United States Department of Agriculture's Animal and Plant Health Inspection Service ("APHIS"), brought this action against the Tennessee Walking Horse Breeders' and Exhibitors' Association ("TWHBEA") to require TWHBEA to comply with eight administrative subpoenas issued to it by APHIS. The subpoenas were issued to TWHBEA pursuant to the Horse Protection Act ("HPA"), specifically 15 U.S.C. § 1825(d).

Congress enacted the HPA to prohibit the showing, sale, auction, exhibition or transportation of "sored" horses. 15 U.S.C. §§ 1821, *et seq.* Under the HPA, it is unlawful for the owner of a horse to allow the showing, sale, auction, exhibition or transportation of any horse which is sore. 15 U.S.C. § 1823(2). "Soring," a practice of deliberately injuring horses to alter their gait, is specifically defined in the HPA. 15 U.S.C. § 1821(3).

For purposes of enforcement of the HPA, Congress granted the Secretary of Agriculture ("Secretary") authority to conduct investigations into soring. 15 U.S.C. § 1823(e). To facilitate the investigations, the Secretary may require, by subpoena, the attendance and testimony of witnesses and the production of books, papers and documents relating to any matter under investigation or the subject of a proceeding under the HPA. 15 U.S.C. § 1825(d)(1). In the case of disobedience to a subpoena under the HPA, the Secretary may invoke

the aid of any appropriate district court of the United States in requiring the production of such books, papers and documents. 15 U.S.C. § 1825(d)(2).

In this case, APHIS is conducting investigations into 218 Tennessee Walking Horses found to be sore in potential violation of the HPA. (Doc. No. 1, ¶ 19.) The TWHBEA maintains a registry system for Tennessee Walking Horses that contains information needed for APHIS' investigation. (Id. at ¶ 23.) Between September 2015 and February 2016, APHIS issued eight subpoenas to TWHBEA, requesting certain information about more than 200 horses.

Because TWHBEA had not complied with those subpoenas, the United States filed this action on June 15, 2016, to compel compliance with the administrative subpoenas, pursuant to the HPA, specifically 15 U.S.C. § 1825(d)(2). On November 8, 2016, the Court granted the United States' Petition to Enforce these subpoenas. (Doc. No. 27.) In that Order, the Court stated that TWHBEA could "make application for reimbursement of the costs of compliance once compliance is complete." (Id.) In the Order being challenged herein (Doc. No. 40), the Court granted TWHBEA's Motion for Reimbursement and allowed reimbursement to TWHBEA for the costs associated with its compliance with the subpoenas.[1]

## II. MOTIONS TO ALTER OR AMEND

■ The Court may grant a Rule 59(e) motion to alter or amend if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. Nagle Industries, Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997).

■ A motion under Rule 59(e) is not an opportunity to re-argue a case. Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007). Rather, a motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. Id. A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. Nagle Industries, 175 F.R.D. at 254.

## III. ANALYSIS

Whether TWHBEA is entitled to be reimbursed for the costs of compliance with these administrative subpoenas depends, in part, on whether the subpoenas are governed by Fed. R. Civ. P. 45 or by the HPA. Under Rule 45, as found by the Court previously, costs may be reimbursed, under certain circumstances, for the production of documents in response to a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). Under the HPA, witnesses whose depositions are taken pursuant to administrative subpoenas are entitled to "the same fees as paid for like services in the courts of the United States." 15 U.S.C. § 1825(d)(4). There is no such provision in the HPA with regard to the production of documents. If Congress had intended for there

---

1. The Court concluded that the fee demand was excessive and reduced the award to $4,412.50. (Doc. No. 40.) Judgment for that amount was entered on the same day. (Doc. No. 42.)

to be reimbursement for production of documents under this statute, it could have said so when providing fees for witnesses, but it did not.[2]

■ In awarding reimbursement to TWHBEA, the Court relied upon Fed. R. Civ. P. 45(d) (2)(B)(ii), which states that the Court should "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena. (Doc. No. 40 at 2.) As explained below, this Court finds two problems with the Court's prior ruling.

First, this Court finds that the Court committed a clear error of law because TWHBEA is certainly a party to this litigation. The action was filed to require TWHBEA, the *only* Defendant, to comply with certain administrative subpoenas. The fact that the targets of the underlying investigation are horse owners, not TWHBEA, is irrelevant. This action is not to enforce the soring laws of the HPA against horse owners, and horse owners are not parties herein. This action is to enforce investigatory administrative subpoenas, and those subpoenas were directed to TWHBEA.

Secondly, this Court finds that the Court committed a clear error of law by finding that Fed. R. Civ. P. 45 applies to the administrative subpoenas in this case. Rule 45 provides that a subpoena must issue from the court where the action is pending and may be issued by the Clerk of Court or an attorney authorized to practice in the issuing court. Fed. R. Civ. P. 45(2) and (3).

These subpoenas were not issued by the Clerk of Court or by an attorney; they were issued by a federal agency pursuant to the HPA, which provides that the Secretary may require, by subpoena, the production of books, papers, and documents relating to any matter under investigation by the Secretary. 15 U.S.C. § 1825(d)(1). Only in the case of disobedience to a subpoena from the Secretary does a court come into play. 15 U.S.C. § 1825(d)(2). In the case of disobedience to an administrative subpoena, the Secretary may invoke the aid of an appropriate district court in requiring the production of such books, papers and documents under the HPA. Id. These subpoenas were issued in furtherance of an agency investigation, not for litigation.[3] The litigation came only as a result of Defendant's non-compliance. In other words, if Defendant had complied with the administrative subpoenas, there would be no litigation and clearly Rule 45 would not apply.

The Court's prior Order cites a portion of the notes to the 1991 Amendment to Rule 45 in support of its position that Rule 45 applies. That note states that an act in defiance of a subpoena issued by an attorney is an act in defiance of the court and exposes the defiant witness to contempt sanctions.[4] The note compares the power

---

2. TWHBEA argues that the HPA does require reimbursement, citing another provision, 15 U.S.C. § 1827, which indicates that state officers and employees may be utilized, *with or without reimbursement*, to assist in carrying out the HPA investigative provisions. 15 U.S.C. § 1827(a). TWHBEA is not a state officer or employee.

3. The Court's prior Order stated that Rule 45 "governs the use of subpoenas in the discovery process." (Doc. No. 40 at 2.) These subpoenas were issued as investigative tools, not as part of litigation and discovery.

4. The portion of the note cited by the Court is as follows:

Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.... In CAB v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957), the Court approved as established practice the issuance of *administrative* subpoenas as a matter of absolute agency right. And in NLRB v. Warren Co., 350 U.S. 107, 76

of the attorney issuing subpoenas to that of the administrative agency issuing subpoenas, in that both may enforce those subpoenas through the court. The HPA, at 15 U.S.C. § 1827(d)(2), specifically provides for that means of enforcement.

Nothing about the 1991 note suggests that Rule 45 applies to administrative subpoenas except as to enforcement of those subpoenas. As the Sixth Circuit has stated, the Federal Rules of Civil Procedure were written for post-complaint litigation. Most of the Federal Rules of Civil Procedure are simply inapplicable to the pre-complaint enforcement of an administrative subpoena. United States v. Markwood, 48 F.3d 969, 982 (6th Cir. 1995).

The TWHBEA argues that Fed. R. Civ. P. 81 makes Rule 45 applicable in this case. Rule 81 provides, among other things: "These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, *except as otherwise provided by statute, by local rule, or by court order in the proceedings.*" Fed. R. Civ. P. 81(a)(5) (emphasis added). The Sixth Circuit has held that Rule 81(a)(5) specifically recognizes that a court, by local rule or by order, may limit the application of the Federal Rules of Civil Procedure in a summons (or subpoena enforcement) proceeding. United States v. Seitz, 53 F.3d 332 (unpublished decision) at * 2 (6th Cir. 1995).

Here, the HPA speaks directly to the issue presented by specifically providing authority for the issuance of investigation subpoenas by the Secretary; enforcement of those subpoenas, if necessary, in the district court; and provision of fees to witnesses who appear for deposition in response to those subpoenas. 15 U.S.C. § 1825(d). Yet, the Court's prior Order does not address these statutory provisions in its holding. This Court finds that omission to be error.

Recognizing that different situations may persuade courts differently, the Court finds no reason to rely on Rule 45 under these circumstances and declines to hold that Rule 45 applies to the administrative subpoenas in this case.[5] To require reimbursement of costs to the TWHBEA under Rule 45 would reward it for its disobedience to the subpoenas, when such reimbursement is not available under the HPA.

For all these reasons, the Motion to Alter or Amend (Doc. No. 43) will be **GRANTED**, and the prior Orders and Judgment of the Court granting reimbursement to the TWHBEA (Doc. Nos. 40–43) will be **VACATED**.

An appropriate Order will be entered.

S.Ct. 185, 100 L.Ed. 96 (1955), the Court held that the lower court had no discretion to withhold sanctions against a contemnor who violated such subpoenas. The 1948 revision of Rule 45 put the attorney in a position similar to that of the administrative agency, as a public officer entitled to use the court's contempt power to investigate facts in dispute.
Doc. No. 40 at 3.

**5.** Therefore, the Court will not address the United States' argument concerning whether TWHBEA's costs were "significant."