NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0794n.06
Filed: October 25, 2006

Case No. 05-2185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRY Y. TOLBERT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOHN E. POTTER, in his official capacity as | ) | DISTRICT OF MICHIGAN |
| Postmaster General, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: KEITH and BATCHELDER, Circuit Judges; ALDRICH[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff Terry Y. Tolbert ("Tolbert") appeals

the district court's grant of summary judgment in favor of Defendant United States Postal Service

("USPS") on Tolbert's claims of retaliation, in violation of Title VII of the Civil Rights Act of 1964;

discrimination on the basis of age,[1] race, and gender, in violation of Title VII; and discrimination on

the basis of handicap, in violation of the Rehabilitation Act and Americans With Disabilities Act.[2]

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Age is a protected characteristic under the Age Discrimination in Employment Act rather than under Title VII, and Tolbert did not raise an ADEA claim in her complaint. We note, however, that the requirements for proving a disparate treatment claim under the ADEA and Title VII are identical.

[2]Tolbert also brought a state-law claim for intentional infliction of emotional distress, although the district court did not address the merits of this claim.

Tolbert, a black female, was a letter carrier based at the Fenkell station in Detroit for over 30 years. In 1997, after that station implemented major changes in the letter carriers' routes, she began having problems completing her route on time. She claims that the measures instituted by her supervisors in response to her problems, such as requiring her to submit to "fitness for duty" examinations, observing her on her route, and counting her mail, were not, as the Defendant maintains, designed to determine the cause of the deficiency, but were discriminatory. Tolbert claims further that she underwent surgery in September 1997 and submitted a request for temporary reassignment to light duty that was denied, whereas another letter carrier – a black male – was granted light duty two months later, and that on one occasion she received a "No Time Off Letter of Warning" when she failed to call the station timely and failed to timely complete her route. Finally, Tolbert claims that when she approached one of her supervisors in July 1998 in her capacity as a union steward in order to have the supervisor sign grievance forms, the supervisor cursed at her, kicked a chair, ripped a book from a shelf, and otherwise engaged in intimidating actions.

Tolbert filed several grievances with the EEOC relating to these actions, and eventually filed this lawsuit. She argues that the USPS discriminated against her on the basis of her age, sex, race, and handicap, and that it retaliated against her for filing prior grievances with the EEOC. The district court disagreed, granted the USPS's motion for summary judgment, and denied Tolbert's motion for reconsideration. Tolbert timely appealed both orders.

The district court thoroughly reviewed the evidence in the record regarding Tolbert's claims of discrimination and retaliation. The court concluded that as to her claim that a supervisor had intimidated her, Tolbert had failed to establish the essential elements of a prima facie case of discrimination because she did not show any adverse employment action. As to her other claims,

2

the court held, even assuming that Tolbert had established a prima facie case of discrimination, she failed to provide evidence sufficient to permit a jury to find pretext. Turning to Tolbert's claims of retaliation, the district court held that Tolbert had not presented evidence from which a jury could conclude that the supervisors' actions such as counting her mails, observing her on her route, and requiring her to submit to fitness for duty examinations constituted severe or pervasive harassment, and that she therefore did not establish a prima facie case of retaliation as to those claims. The court further concluded that Tolbert's claims that the discrete acts of the USPS, such as denying her light duty request and issuing a "No Time Off Letter of Warning," failed because, with regard to the intimidating conduct of the supervisor she had not shown an adverse employment action, and with regard to the other discrete acts complained of, she had not presented evidence sufficient to permit a finding of pretext.

After carefully reviewing the record, the applicable law, and the parties' briefs (counsel for both parties having waived oral argument), we are convinced that the district court did not err in its conclusions that the USPS was entitled to summary judgment. In particular, we find no error in the district court's holding that certain of the documentary evidence submitted by Tolbert was inadmissible hearsay and could not be considered by the court in deciding the summary judgment motion. We also note that the district court did not abuse its discretion in refusing to grant Tolbert's motion for reconsideration because the evidence Tolbert wanted the district court to consider was available at the time the summary judgment motion was decided, and would not have affected the outcome even if considered. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 123 (6th Cir. 1982); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) (a district court does not abuse its

discretion by denying a motion for reconsideration where the party seeking relief from judgment had the supporting materials at the time the district court made the ruling).

As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.