NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0600n.06
Filed: August 21, 2007

Case Nos. 06-3382/06-3383

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LUCILLE BLAKE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JOHN E. POTTER, United States Postmaster | ) | DISTRICT OF OHIO |
| General; and NATIONAL POSTAL MAIL | ) | |
| HANDLERS UNION LOCAL 304, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____ | ) | |

BEFORE: BOGGS, Chief Judge; BATCHELDER and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Lucille Blake is a Caucasian woman who has been employed by the United States Postal Service ("USPS") since 1999 as a full-time mail handler, a union job covered by a collective bargaining agreement (CBA) with the National Postal Mail Handlers Union ("Union"). Her superiors and managers are African-American. Ms. Blake's schedule is subject to a bidding process prescribed in the CBA, which is weighted towards seniority. For personal reasons involving her dependent child, Ms. Blake wanted to work weekdays with weekends and evenings off. This is the most coveted shift, however, and Ms. Blake had insufficient seniority to obtain it through the CBA's bidding process. Therefore, she has throughout her employment sought to accomplish her objective through "temporary" schedule adjustments, called "tri-party agreements" or "tri-parties" because they must be agreed upon by the employee, USPS management, and the Union. Most of her requests were granted, but on those occasions when she

could not obtain a tri-party, she typically took sick leave or FMLA leave. She was never disciplined for taking FMLA leave or denied any FMLA leave.

In 2004, Ms. Blake filed charges against the USPS with the EEOC, alleging race discrimination stemming from its refusal to grant her certain tri-party requests. The EEOC found no discrimination on two of the charges, while Ms. Blake and the USPS settled the third, with the USPS agreeing that, so long as she obtained Union approval first, the USPS would approve her tri-party requests for one year. When she subsequently presented a tri-party request, the USPS agreed, but the Union refused, asserting its belief that she was circumventing the CBA and explaining that more senior employees were upset about it. In response, Ms. Blake filed an NLRB charge against the Union.

Ms. Blake then sued the USPS, alleging race discrimination and retaliation. The USPS moved for summary judgment, arguing among other things that she had not experienced an adverse employment action. The district court granted summary judgment to the USPS, finding that Ms. Blake had failed to present evidence sufficient to establish her prima facie case of discrimination. The district court held that the refusal to grant a temporary schedule change does not rise to the level of an adverse employment action, and that Ms. Blake had failed to present evidence that she was treated less favorably than any similarly situated non-Caucasian employees. Further, the court held that even if she had made out a prima facie case of discrimination, Ms. Blake had failed to produce any evidence that the USPS's reasons for denying her demands for tri-party agreements were pretextual.

In a separate action, Ms. Blake also sued the Union, alleging a breach of the Union's duty of fair representation. The Union moved for summary judgment, arguing that it has no obligation

2

to approve a change in assignment at the expense of the contractual seniority rights of other members.  The district court granted summary judgment to the Union, finding that Ms. Blake had not submitted sufficient evidence to demonstrate causation, discrimination, or bad faith.  Ms. Blake filed timely notices of appeal in each case, and the two have been consolidated for appeal.

On appeal, Ms. Blake does not pursue her claim of retaliation, but argues that the district court erred in holding that the USPS's denials of four of her requests for tri-parties were racially discriminatory.  Ms. Blake argues specifically that the district court erred in holding that these denials were not adverse employment actions, erred in finding that she had failed to raise a genuine issue of fact with regard to pretext, and erred in finding that she had failed to present evidence of similarly situated employees.

"This court has defined an adverse employment action as a materially adverse change in the terms and conditions of plaintiff's employment.  Examples of adverse employment actions include firing, failure to promote, reassignment with significantly lower responsibilities, a material loss of benefits, suspensions, and other indices unique to a particular situation." *EEOC v. Sundance Rehab. Corp.*, 466 F.3d 490, 501-02 (6th Cir. 2006) (quotation marks, citations, and edits omitted). *See also Tolbert v. Potter*, 206 F. App'x 416, 417-18 (6th Cir. 2006) (finding no adverse employment action in the USPS's "denying [a] light duty request").

Ms. Blake contends that the USPS's refusal to grant her discretionary schedule adjustments (i.e., "tri-parties") is an adverse employment action because, when she was denied the adjustments, she took time off without pay rather than reporting to work as scheduled.  We find no merit to this argument.  Ms. Blake has provided no evidence whatsoever that the denial of these discretionary schedule changes is in any way comparable to "termination of employment, a demotion evidenced

by decrease in wage or salary," *Kocsis v. Multi-Care Mgmt., Inc.* 97 F.3d 876, 886 (6th Cir. 1996), or resulted in her having "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* Indeed, Ms. Blake's evidence demonstrates beyond peradventure that she received far more tri-parties than she was denied, and at most, the denial of those few resulted in her own choice to take unpaid leave rather than to work her assigned shift. We hold that the denial of these discretionary schedule adjustments is not an adverse employment action. *See, e.g.*, *Crumpton v. Potter*, 305 F. Supp. 2d 465, 475 (E.D. Pa. 2004); *Bascos v. Henderson*, No. 97 C 4329, 1999 U.S. Dist. LEXIS 8209, at *15-16 (N.D. Ill. May 12, 1999). Because Ms. Blake failed to present evidence sufficient to support this element of her prima facie case of discrimination or of retaliation, we conclude — without reaching the remaining assignments of error — that the grant of summary judgment in favor of the USPS was proper.

With regard to the district court's grant of summary judgment to the Union, Ms. Blake argues that the district court improperly applied the test for determining whether the Union breached its duty of fair representation, improperly weighed the evidence, and improperly held that the Union's refusal to agree to the tri-party agreement was not an adverse action. Ms. Blake fares no better with these assignments of error than she did with her appeal of the judgment in favor of the USPS.

"A union breaches its statutory duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith . . . . Merely characterizing a union's conduct as arbitrary, perfunctory or demonstrative of bad faith is insufficient to withstand summary judgment." *Summers v. Keebler Co.*, 133 F. App'x 249, 253 (6th Cir. 2005) (quotation marks, citations, and edits omitted). "Rather, to meet his burden of proof as to the union's

breach of its duty of fair representation, a plaintiff must establish by substantial evidence that the union acted arbitrarily, discriminatorily or with bad faith." *Id.*

Ms. Blake contends that the Union refused her tri-party request because she had filed an NLRB charge, and that refusal constitutes either bad faith or discriminatory conduct. The Union explains that this is factually impossible: she filed the unfair labor practice charge *because of* the Union's refusal to grant the tri-party. That the union continued to refuse to grant her request after she filed the charge is merely consistent; it is not evidence of retaliation or a breach of duty. As the trial court also explained, the Union tried to accommodate her by offering schedule changes that did not include weekends off, but which would allow her more of her preferred time off. The district court concluded that Ms. Blake had failed to provide any evidence whatsoever that the Union's refusal to grant Ms. Blake preferential treatment, at the expense of other, more senior, union members who would also prefer the same schedule accommodation, was arbitrary or discriminatory, or exhibited bad faith. Our review of the record confirms the district court's conclusion. We hold that Ms. Blake wholly failed to present evidence from which the finder of fact could find that the union breached its duty of fair representation. We conclude that the grant of summary judgment in favor of the union was proper.

Accordingly, we **AFFIRM** the judgments of the district court.